## UNITED STATES v. SPRECKELS et al.
### No. 3970.

District Court, N. D. California, S. D.
July 21, 1943.

for the year 1928 in the amount of $603,-179.41 plus interest. The Collector of Internal Revenue made due demand upon the taxpayer for payment, but no payments have been made on that balance.

On August 7, 1934, the Collector reported a notice of lien for taxes in the recorders' offices of Kings, Shasta and Kern counties, and the City and County of San Francisco; and in the clerks' offices of the United States District Court, Northern District of California, Northern and Southern Divisions, and of the Northern Division of the Southern District of California. During August of 1934 notices of lien and levy were served upon a number of corporations and associations in which the taxpayer held stock.

On November 22, 1934, the taxpayer agreed in writing to waive the statutory period for collection of the aforementioned balance, and the time for collection was extended to December 31, 1935. This suit was filed on December 30, 1935, one day before the expiration of the time specified in the waiver. A copy of the complaint and subpoena were served on the taxpayer and returned and filed on April 2, 1936. The other defendants named were served in October of 1940.

The defendant Bank of America National Trust & Savings Association, hereinafter called the bank, asserts an interest adverse to the claim of the Government, under a judgment against the taxpayer in the sum of $923,031.90 obtained by its assignee on June 3, 1936. A transcript of the judgment was recorded in Kings county on October 10, 1936, in the City and County of San Francisco on October 28, 1936, and in San Mateo county on November 14, 1936. The bank had execution issued upon the judgment and obtained title to various properties belonging to the taxpayer, on which the Government claims it has a prior lien.

Defendant bank contends that the statute of limitations ran as to it because of the failure of the Government to serve it with the complaint and subpoena until October of 1940, and that therefore any lien the Government might claim to property in its hands expired.

The modern Federal rule is that an action in equity is commenced by the filing of a complaint with the bona fide intent to prosecute the suit diligently, provided there is no unreasonable delay in the

Frank J. Hennessy, U. S. Atty., and Thos. C. Lynch, Asst. U. S. Atty., both of San Francisco, Cal., for plaintiff.

Keyes & Erskine, of San Francisco, Cal., for defendant Bank of America Nat. Trust & Savings Ass'n.

ST. SURE, District Judge.

The Government sues in equity, under § 3678 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3678, to enforce certain liens upon property of Rudolph Spreckels for balance of income taxes due

issuance or service of the subpoena. United States v. Hardy, 4 Cir., 74 F.2d 841; United States v. Miller, C.C., 164 F. 444; Linn & Lane Timber Company v. United States, 236 U.S. 574, 35 S.Ct. 440, 59 L.Ed. 725. It would seem that a delay of four years and ten months in serving a defendant who was during that period available for service at all times is unreasonable on its face. The suit cannot therefore be deemed to have been commenced as to the bank as of the date of its filing.

■ The argument of counsel for the Government that the delay was due to laches on the part of its officers and that the doctrine of laches is not applicable to the United States, is not tenable. The United States as well as a private individual is bound by statutes of limitation, and it may allow its rights to lapse as well by failing to issue and serve process within a reasonable time, as by failing to file an action within the statutory period.

■ The Government claims that there is no statute of limitations applicable to this suit; that it is an action in equity which could have been brought at any time. § 276(c) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 276(c), provides: "Where the assessment of any income tax imposed by this Chapter has been made within the period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court, but only if begun (1) within six years after the assessment of the tax, or (2) prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer before the expiration of such six-year period. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon."

Section 3671 provides that "unless another date is specifically fixed by law, the lien shall arise at the time the assessment list was received by the collector and shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time." To determine when the lien becomes "unenforceable by reason of lapse of time" these two sections should be read together, for if the statute ran on the tax itself the lien, which is only security therefor, should simultaneously expire. This question was before the court in Equitable Life Assurance Society v. Moore, D.C., 29 F.Supp. 179, 184, and the

court said: "It was the intent of Congress to give notice to third parties by the filing of the lien and to continue that lien in existence until satisfied or until six years and such additional period as might be agreed upon by the taxpayer and the commissioner had expired. * * * I conclude that the statute did not bar the enforcement of the lien until the expiration of the last extension * * *."

I think that the Government should assert its claim against third parties claiming property of the taxpayer adversely to it within the statutory period applicable to the lien against the taxpayer. Otherwise a lien, although forever lost as against the taxpayer, could be indefinitely asserted against his creditors.

The same statutory period should not apply as to property on which the Government had properly recorded and perfected its lien. It is not urged that the taxpayer was not properly sued and served within the statutory period, and the Government did not lose its lien as to him. The Government could not be required to anticipate that third parties would execute in 1936 upon property on which it had perfected its lien, and to have sued to prevent such action in 1935. However, Section 3672 provides that "Such lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector * * * in accordance with the law of the State or Territory in which the property subject to the lien is situated, whenever the State or Territory has by law provided for the filing of such notice." Act 8487, Deering's General Laws, 1923, California Stats.1923, p. 1124, provides for the filing of notices of liens for internal revenue taxes in the office of the county recorder of the county or counties within which the property subject to such lien is situated.

■■ The lien of the Government was properly recorded in Kings county and attached to the real property located there prior to the time it was executed upon by the bank. The balance of the property to which the bank makes claim under its judgment (with the exception of certain land in Tulare county where no lien was recorded by the Government) consists of intangible personal property. Following the general rule that the situs of such property is the domicile of the owner, the Government should have recorded its lien

in San Mateo county where the taxpayer resided. This was not done until 1937, after the bank had executed on such property under its judgment.

I conclude that the rights of the bank should prevail as to all property acquired under its judgment except the real property located in Kings county, upon which the United States had a valid and existing lien as against all the world, at the time execution was issued.

Judgment will be entered accordingly.