INVESTMENT & SECURITIES CO. v. UNITED STATES.

No. 10531.

Circuit Court of Appeals, Ninth Circuit.

Feb. 16, 1944.

Witherspoon, Witherspoon & Kelley and William V. Kelley, Jr., all of Spokane, Wash., for appellant.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, A. F. Prescott, Edward H. Horton, and Maryhelen Wigle, Sp. Assts. to Atty. Gen. (Edward M. Connelly, U. S. Atty., and Harvey Erickson, Asst. U. S. Atty., both of Spokane, Wash., of counsel), for appellee.

Before WILBUR, GARRECHT, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

On February 18, 1934, the United States of America made an assessment for income taxes for the year 1928, against Judson G. Rosebush, a resident of Wisconsin, in the amount of $37,220.85. Notices of tax lien were filed with the clerk of the United States District Court of Wisconsin and with the Register of Deeds for Outagamie County, Wisconsin, during April, 1934.

On April 20, 1937, Judson G. Rosebush submitted an offer of $820 for shares in the Inland Empire Paper Company of Spokane, Washington. At this time, Rosebush was indebted to the appellant, investment and Securities Company of Spokane, Washington, in the amount of $76,749, on two promissory notes which had been transferred to the appellant as the collection and liquidating organization for the benefit of depositors of the Old National Bank of Spokane, Washington. The Inland Empire Paper Company stock was security for this indebtedness and was being sold by the appellant. At the time Rosebush made his offer to purchase the Inland Empire Paper Company stock, the appellant corporation had discovered that Rosebush had paid up his assessments on certain shares he owned in the Exchange National Bank of Spokane, Washington, and that said bank was planning to pay its creditors in full and pay something to its former shareholders. So, when Rosebush made this bid for the paper company stock, the Investment and Securities Company attempted to get an assignment of his claim against the Exchange National Bank and threatened to bring legal action against Rosebush. To avoid being sued and in consideration of the opportunity to reacquire his stock in the Inland Empire Paper Company, Rosebush finally assigned to the appellant corporation, on July 27, 1937, any recovery which might be made on the assessment paid to the Exchange National Bank. Said assignment was made subject to the prior lien of the United States for income taxes.

In the same year, 1937, the United States brought action in the District Court for the Eastern District of Wisconsin against Rosebush for the nonpayment of taxes; on November 26, 1941, judgment was entered against Rosebush in the amount of $37,220.85.

On November 27, 1941, the United States Attorney for the Eastern District of Wisconsin caused a writ of fieri facias to be issued, commanding the United States Marshal of the Eastern District of Washington to levy on property of Rosebush in his district on account of the said judgment, and the writ was duly served on the Shareholders' Agent of the Exchange National Bank of Spokane for the unpaid taxes.

The present action was commenced by Charles P. Robbins, Shareholders' Agent of the Exchange National Bank of Spokane, Washington, in the nature of an interpleader. The agent paid $4,250 into court and prayed that all parties interested be joined to determine the ownership of the funds, and be enjoined from suing the said agent therefor.

The lower court found that the rights of the Investment and Securities Company under the assignment were junior to the tax lien of the United States Government.

The assignment in issue here contained the following statement: " * * * It is understood that the Collector of Internal Revenue has filed an Order of Distraint against the party of the second part and that this assignment is subsequent and junior to any lien against said recovery that said Collector of Internal Revenue may have acquired by virtue of such Order of Distraint."

There was considerable correspondence between the Investment and Securities and Rosebush, in which Rosebush and the corporation made it very clear that the rights of the Investment and Securities Company would be junior to the rights of the United States Government.

The appellant contends that the federal tax lien was never established in Washington. The statutory provisions with respect to filing of this tax lien are:

"§ 3670. Property subject to lien [26 U.S.C.A. Int.Rev.Code]

"If any person liable to pay any tax neglects or refuses to pay the same after de-

mand, the amount (including any interest, penalty, additional amount, or addition to such tax, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person. 53 Stat. 448."

"§ 3671. Period of lien

"Unless another date is specifically fixed by law, the lien shall arise at the time the assessment list was received by the collector and shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time. 53 Stat. 449."

"§ 3672. Validity against mortgagees, pledgees, purchasers, and judgment creditors

"(a) Invalidity of lien without notice.

"Such a lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector—

"(1) Under State or Territorial laws.

"In accordance with the law of the State or Territory in which the property subject to the lien is situated, whenever the State or Territory has by law provided for the filing of such notice; or

"(2) With [the] clerk of the District court.

"In the office of the clerk of the United States district court for the judicial district in which the property subject to the lien is situated, whenever the State or Territory has not by law provided for the filing of such notice; or * * *."

In the absence of the required notice, the Government's lien is valid as to all except those above enumerated. It should be noted that the word "pledgee" was not in the statute prior to 1939, and therefore would not apply to the rights acquired by this assignment in 1937. The lower court found that appellant did not come within any of the above exceptions and we are in accord with this finding.

Nevertheless, the notice required by statute to make the lien effective as to third parties was duly recorded as required by the statute. The taxpayer here is a resident of Wisconsin and the notice of lien was duly recorded there. The appellant's contention that the recording should have been in the State of Washington rather than Wisconsin, the taxpayer's domicile, is in error.

The appellant contends that the rights of the Government are barred here by the statute of limitations. The assessment list was received by the Collector of Internal Revenue February 18, 1934; the action for collection of the taxes was begun in 1937, and within the period of limitations. Judgment was entered in 1941. There is no federal statutory provision as to a period of limitations on this judgment; it follows that in the absence of such a limitation a tax can be collected at any time; therefore, the liability of the tax now merged in the judgment has not become unenforcible by reason of lapse of time.

As to whether the property in question is subject to a government lien, this court has already determined that point. See Citizens National Trust & Savings Bank of Los Angeles v. United States, 9 Cir., 135 F.2d 527; Nelson et al. v. United States, 9 Cir., November 23, 1943, 139 F.2d 162.

We conclude there is no error and the judgment appealed from is affirmed.