**UNITED STATES of America**

v.

**ROYCE SHOE COMPANY, The Union Central Life Insurance Company, and The Indian Head National Bank of Nashua.**

Civ. A. No. 1490.

United States District Court
D. New Hampshire.

Jan. 23, 1956.

Maurice P. Bois, U. S. Atty., Concord, N. H., Harlan Pomeroy, Special Asst. to Atty. Gen., for the United States.

Wyman, Starr, Booth, Wadleigh & Langdell, Charles J. Dunn, Manchester, N. H., for The Union Cent. Life Ins. Co.

Sullivan & Gregg, S. Robert Winer, Nashua, N. H., for The Indian Head Nat. Bank of Nashua.

CONNOR, District Judge.

Action by the United States under Title 26 U.S.C. § 7403 (Internal Revenue Code of 1954), authorized as provided by Section 7401, to enforce its tax lien against certain life insurance policies. The taxpayer is the Royce Shoe Company, a corporation existing under the laws of New Hampshire and doing business in Newmarket, New Hampshire. Since prior to 1951, it has been the beneficiary with ownership rights in three ordinary life insurance policies issued by The Union Central Life Insurance Company upon the life of one Hyman E. Roffman.

In February of 1951, the Commissioner of Internal Revenue assessed against the taxpayer excess profits taxes, penalties, and interest for its fiscal years of 1944 and 1945. These lists were received by the Collector of Internal Revenue for New Hampshire on February 5, 1951. After giving effect to certain payments and credits, notice was given, and demand was thereafter made upon the taxpayer for the amount then due. A notice of tax lien was filed with this court on March 16, 1951, and similar notices were filed in the county and town of the taxpayer's residence. Later, on June 13, 1951, the taxpayer purported to assign the life insurance policies to The Indian Head National Bank of Nashua.

The three policies, against which Roffman makes no claim, are presently in force as paid-up insurance and have substantial cash surrender values.

The question presented is whether the Government's tax lien upon the life insurance policies is superior to the bank's asserted rights.

The liability of the taxpayer is not disputed. Conformably to the terms of Title 26 U.S.C. § 6321 (formerly Section 3670, Title 26 U.S.C., 1939 I.R. C.), a lien was created upon all the property of the taxpayer. The lien attached to the taxpayer's rights in these policies, including the right to elect to receive the cash surrender value. United States v. Behrens, D.C., 130 F.Supp. 93, pending on appeal on other grounds (C.A.2d); United States v. Ison, D.C., 67 F.Supp. 40. Notice of the tax lien was filed under Title 26 U.S.C. § 6323(a) (2) (formerly Section 3672(a) (2), Title 26 U.S.C.), thereby validating the lien against mortgagees, pledgees, purchasers, and judgment creditors. Thus it is apparent that the lien arose and the notice of lien was filed prior to assignment.

The defendant bank seeks to avoid the superiority of the Government's lien by contending that these policies are within the securities exception. Title 26 U.S.C., Section 6323(c) (1) formerly Section 3672(b) (1), Title 26 U.S.C. This section declares that a purchaser, mortgagee, or pledgee of securities for an adequate and full consideration, without knowledge of the lien, acquires a superior interest, and subsection (2) defines the term security as follows: "As used in this subsection the term 'security' means any bond, debenture, note, or certificate, or other evidence of indebtedness, issued by any corporation (including one issued by a government or political subdivision thereof), with interest coupons or in registered form, share of stock, voting trust certificate, or any certificate of interest or participation in, certificate of deposit or receipt for, temporary or interim certificate for, or warrant or right to subscribe to or purchase,

any of the foregoing; negotiable instrument; or money." It is long established that the legislative intent is to be construed from the language of the enactment. The statute is silent respecting insurance policies and cannot be fairly translated to include them, for the exception is to be strictly limited to the items therein enumerated.

■■ The defendant bank's remaining contention is that the tax lien is inferior because notice was not filed in the judicial district of the home office of the insurance company. The statute requires that the lien be filed in the district "in which the property subject to the lien is situated." Title 26 U.S.C. § 6323(a) (2). The general rule is that the situs of intangible property is the domicile of the owner. United States v. Spreckels, D.C., 50 F.Supp. 789; Robinson v. Carroll, 87 N.H. 114, 174 A. 772, 94 A.L.R. 1437; Crosby v. Town of Charlestown, 78 N.H. 39, 95 A. 1043. It follows, therefore, that the lien was properly filed in this district. See Investment & Securities Co. v. United States, 9 Cir., 140 F.2d 894.

### Conclusions of Law

1. The United States is entitled to judgment against Royce Shoe Company for the remaining unpaid portion of the deficiency assessments in the sum of $33,936.67 and for accrued interest, conformably with Section 294(b), Internal Revenue Code of 1939, Title 26 U.S.C. 1952 edition, from January 19, 1951, the date of notice and demand, in the amount of $12,528.18, computed on the respective balances of the deficiency assessments after due allowance for each interim payment.

2. The United States lien on the insurance policies is superior to the defendant bank's interest therein.

3. The defendant insurance company is directed to pay to the United States the cash surrender value of the policies, this sum to be applied toward partial satisfaction of the Government's judgment.

4. An amended judgment will be entered accordingly.