**In the Matter of CLE–LAND COMPANY, Inc.**
**No. 514–54.**

United States District Court
D. Massachusetts.

Dec. 12, 1957.

As Modified Feb. 17, 1958.

# 860

Marvin Rosnick, Boston, Mass., for petitioner.

Joseph Landers, Boston, Mass., for trustee.

Charles F. Barrett, Asst. U. S. Atty., Boston, Mass., for United States.

ALDRICH, District Judge.

■■ This is an appeal by an assignee from an order of a referee in bankruptcy holding a tax lien of the United States superior to the assignment. The debtor, having received notice of the controversy, paid the amount owed to the trustee in bankruptcy, who holds it as a stakeholder. The taxpayer-bankrupt was not represented. The only parties before me are the assignee and the government.[1]

■ In October, 1953 the government filed notices of tax liens against taxpayer with the City Clerk of Waltham, Massachusetts taxpayer's (a Massachusetts corporation) principal place of business. In January, 1954 taxpayer orally assigned to appellant, in consideration of a pre-existing debt, its claim against debtor, a Rhode Island corporation, whose principal, and so far as appears, only place of business, was in Rhode Island. In July, 1954, more than four months later, taxpayer was petitioned into bankruptcy. The assignment has not been set aside, or even attacked, as a fraudulent conveyance or voidable preference. I will not hold the fact that it was oral,[2] or that the debtor was instructed to make payment to the assignor and assignee jointly,[3] renders it invalid, as claimed by the government. I assume, without deciding, that taking for an antecedent debt is adequate consideration.[4] On the other hand, I of course do not hold that the lien did not apply to future choses in action, if this debt was such.[5]

---

1. At the hearing on the appeal the trustee appeared and sought to argue on the merits, in support of the government's position. This was a misconception of his rights and duties. The sum in question, if it belongs in the bankruptcy estate at all in view of the assignment, does so only by strength of the government's lien, and will go to the government if the lien is established. The government is represented, and vigorously protecting its own interests. There is no need for it to contribute to the fees of the trustee or his counsel on this appeal. Even if the trustee's basic fee could be claimed to be increased as a result of a successful outcome of the appeal, as to which, query, a chance to obtain a fee does not of itself make him a party in interest. Cf. In re Phoenix Dress Co., 7 Cir., 131 F.2d 726; In re Mifflinburg Body Co., D.C.M.D.Pa., 54 F.Supp. 560. The trustee's eventual charges are to be determined by the referee, but with no allowance with respect to this appeal.

   Following the release of this opinion counsel for the trustee took exception to this footnote, and requested its withdrawal. I will deal with his argument. Of course, if the estate is aggrieved, the trustee is the proper party to appeal. Levin v. Barker, 8 Cir., 122 F.2d 969, certiorari denied 315 U.S. 813, 62 S.Ct. 799, 86 L.Ed. 1212. The estate normally means the creditors as a whole, and not a single,

secured creditor. In re San Joaquin Valley Packing Co., 9 Cir., 295 F. 311, certiorari denied 265 U.S. 583, 44 S.Ct. 459, 68 L.Ed. 1191. In the converse of the present situation, where a secured creditor has succeeded in a reclamation proceeding, the trustee is the proper party to appeal in opposition. Yates American Mach. Co. v. Jury, 3 Cir., 56 F.2d 831, certiorari denied 287 U.S. 615, 53 S. Ct. 17, 77 L.Ed. 534. Possibly in some instances it might be to the benefit of other creditors for some secured creditor to be paid and removed from the scene, or for the funds to which he lays claim to be brought into the estate, to be subject to § 64, sub. a priorities. 11 U.S.C.A. §§ 104, sub. a, 107, sub. c. Although afforded opportunity to do so, counsel has not shown that either of these situations obtains.

2. Cf. Mass.Gen.Laws (Ter.Ed.1932) Ch. 107A, § 2.

3. Cf. In re Robert Jenkins Corp., 1 Cir., 17 F.2d 555.

4. But cf. United States v. Franklin Federal Savings & Loan Ass'n, D.C.M.D.Pa., 140 F.Supp. 286; Filipowicz v. Rothensies, D.C.E.D.Pa., 43 F.Supp. 619; Int. Rev.Regs., 1956, § 301.6323–1(a).

5. Glass City Bank of Jeanette, Pa., v. United States, 326 U.S. 265, 66 S.Ct. 108, 90 L.Ed. 56.

The substantial question in the case is whether the government's recording of its lien in Waltham was sufficient under § 3672, Int.Rev.Code, 1939, 26 U.S.C.A. § 3672, now § 6323, Int.Rev. Code, 1954, 26 U.S.C.A. § 6323. This section reads as follows:

"§ 3672. Validity against mortgages, pledgees, purchasers, and judgment creditors

"(a) Invalidity of lien without notice. Such lien shall not be valid as against any mortgage, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector—

"(1) Under State or Territorial laws. In the office in which the filing of such notice is authorized by the law of the State or Territory in which the property subject to the lien is situated, whenever the State or Territory has by law authorized the filing of such notice in an office within the State or Territory;"

The assignee contends that this required recording in Rhode Island, the domicile of the debtor. The few cases on the point uniformly support the government.[6] I accept its view as best serving the purpose of the statute, and the rights of the parties affected.

The apparent purpose of the statute is to create a lien in favor of the government good against subsequent claimants, except bona fide purchasers for value without notice.[7] But, as in many other situations, recording is provided so that there may be constructive notice.[8] This is familiar procedure. A subsequent claimant may, before acquisition, check the record. Since he is dealing primarily with the creditor, not the debtor, it would normally be easier, and more natural, to search at the residence of the creditor, rather than pursue the inquiry at the residence of the debtor. If his decision to part with value was going to depend upon the state of the record, the prospective assignee could go with the creditor to his local place of recording, and make payment upon checking. If he had to verify contemporaneously in a foreign state where the debtor happened to be, this would be more difficult. By the same token, the taxpayer, if interested, would find it simpler to check at his own residence than at that of each of his debtors.

So far as the debtor is concerned, it is a matter of indifference. The recording of the government's lien is not constructive notice to him, and if he pays without actual notice, he is protected.[9] Hence he has no interest to be regarded.

From the standpoint of the government, even if it knows where all the taxpayer's debtors may be—doubtless a large assumption in some cases—it is obviously far easier to be able to make a single recording at the taxpayer's residence, than one where each debtor may be. Indeed, the provision that the line is good against after-acquired property would be largely meaningless if it had to be recorded in some new place every time a new debtor appeared.

Since it is better for the government, and in no way detrimental to other parties, to have the recording at the residence of the taxpayer rather than of the debtor, I hold that this is the proper construction of the statute.

Finally, the assignee claims that its assignment is a "security" within the meaning of § 3672(b), which exempts securities from the scope of the lien. This point is not worth discussing. The appeal must be dismissed, with costs to appellee. The trustee is not to recover costs.

6. Investment & Securities Co. v. United States, 9 Cir., 140 F.2d 894; United States v. Royce Shoe Co., D.C.N.H., 137 F.Supp. 786; United States v. Spreckels, D.C.N.D.Cal., 50 F.Supp. 789.

7. Plus some other exceptions not presently material.

8. Conversely, proof of actual notice, without recording, is not permitted, but this raises questions of policy not here involved.

9. See United States v. Eiland, 4 Cir., 223 F.2d 118, 122.