**W. L. WEIR, Plaintiff,**

**v.**

**Bill CORBETT, also known as Bill Thomas Corbett, William Corbett, Thomas Corbett, and William T. Corbett, and Gertrude Corbett, his wife, Peggy Corbett Harris and Gene Harris, her husband, Defendants,**

**and**

**Millard P. Thomas, Clerk of the United States District Court of the Western District of Washington, Northern Division, Defendant,**

**and**

**Carkeek, Harris, Harris, Myers & Vertrees, Harold T. Corbett, Jack Corbett, and United States of America, Plaintiffs in Intervention.**

No. 4329.

United States District Court
W. D. Washington, N. D.
Dec. 26, 1957.

Venables, Ballinger & Clark and Newman H. Clark, Seattle, Wash., for plaintiff.

Carkeek, Harris, Harris, Myers & Vertrees and H. A. Pat Myers, Seattle, Wash., for defendants Corbett.

Charles P. Moriarty, U. S. Atty., and Jacob A. Mikkelborg, Seattle, Wash., for defendant Thomas.

Thomas R. Winter, Sp. Asst. to Regional Counsel, I. R. S., Seattle, Wash., for plaintiff in intervention, the United States.

BOLDT, District Judge.

Plaintiff W. L. Weir, a creditor of defendants Corbett and Harris by judgment in the Superior Court of the State of Washington for King County, sued out and served a writ of garnishment in that court directed to defendant Thomas as clerk of this court. The United States Attorney on behalf of defendant clerk moved to quash the writ in the state court. Hearing on that motion was continued to permit plaintiff to bring this action seeking an order of this court directing defendant clerk to answer the writ of garnishment. For purposes of this action it is admitted that the sum of $27,000 is held by Thomas as clerk of this court, which sum is in *custodia legis* as cash bail furnished by or on behalf of defendant Bill Corbett in connection with criminal cause No. 16202 in the Southern Division of this court. Plaintiffs in intervention, a firm of lawyers herein referred to as Carkeek, the United States of America, Harold T. Corbett and Jack Corbett, were permitted to intervene, each claiming a superior interest in all or a part of the funds on deposit.

The first question presented is whether defendant clerk can or should be required to answer the writ of garnishment issued by the state court. Under the following authorities it is clear that the garnishment proceeding in the state court was void *ab initio* as to defendant Thomas because the King County court lacked jurisdiction to require the clerk of this court in his official capacity to respond to the state court writ. 54 Am. Jur. pp. 636, 637; 54 Am.Jur.Supp. pp. 82 and 83; Burley v. United States, 9 Cir., 1910, 179 F. 1, 33 L.R.A.,N.S., 807. It is equally clear that only Congress and not this court may consent to jurisdiction in a state court over a federal officer in his official capacity. Hidalgo Steel Co. v. Moore & McCormack Co., D. C., 298 F. 331; United States v. New York and O. S. S. Co., 2 Cir., 1914, 216 F. 61; Hudson Trading Co. v. United States, 3 Cir., 1928, 28 F.2d 744; Keil v. United States, D.C.D.Md.1946, 65 F. Supp. 431; 54 Am.Jur. 641.

In any event, at most plaintiff contends that this court in its discretion may order defendant Thomas to respond to the garnishment proceeding in the state court. Even on such assumption, the exercise of discretion in the manner prayed for by plaintiff would clearly be unjustified upon the showing made in this case. The relief prayed for by plaintiff must be denied.

The various complaints in intervention raise two additional questions: (1) ownership of the funds on deposit with the clerk; (2) the order of priority of the claims asserted by the several plaintiffs in intervention.

A preponderance of the evidence shows that at the time of deposit the funds were the property of Bill and Gertrude Corbett and that plaintiffs in intervention, Harold T. Corbett and Jack Corbett did not then, nor do they now, have any but contingent interest in the funds or any part thereof.

■ As to priority of interest in the funds as between Carkeek and the United States of America, Carkeek asserts a prior claim to $5,000 of the deposited funds by virtue of an assignment from defendant Bill Corbett to Carkeek dated September 28, 1956 filed January 23, 1957. The United States of America asserts liens on the entire fund by virtue of tax liens filed in King County, Washington on various dates on or prior to April 30, 1955 as a result of jeopardy assessments effective on or before March 28, 1955, issued by the Commissioner of Internal Revenue for the collection of unpaid federal income taxes owing by defendants Bill and Gertrude Corbett. (Pretrial order admitted facts, paragraph 9.) Since the liens asserted by the United States attached to the funds prior to the execution of the Carkeek assignment and were created in accordance with 26 U.S.C.A. § 6861 and 26 U.S.C.A. § 6321, the claim of the United States has priority over the claim of Carkeek unless filing of the lien notices in King County, Washington was insufficient. Carkeek contends that under the provisions of 26 U.S.C.A. § 6323(a) (1) and RCW 60.68.010 the lien notices were required to be filed in Pierce County, Washington and that for want thereof the tax liens are invalid as to Carkeek.[1] The situs of intangible personal property is at the domicile of its lawful possessor. Investment & Securities Co. v. U. S., 9 Cir., 1944, 140 F.2d 894; United States v. Royce Shoe Co., D.C.N.H.1956, 137 F.Supp. 786. Therefore, the filing of the liens in King County, Washington, the domicile of defendant Thomas wherein the principal office of the clerk of this court is located, was sufficient to satisfy the requirements of the statutes above cited.

■■ The principle of the cases cited to the effect that where an attorney's work creates the very *res* to which a tax lien attaches, the attorney's lien for such services takes priority over the tax lien is not applicable because no part of the $27,000 bail deposit by Corbett was produced as a result of the work of counsel for any party to this action. Weir's counsel contends that by procuring and serving the writ of garnishment now held void, the funds were continued on deposit with the clerk and the federal tax collectors were alerted to assert government liens therein. Even if so, such services of counsel performed wholly and unsuccessfully in the interest of plaintiff Weir did not create or preserve the deposited funds but merely fortuitously made possible circumstances favorable to the government liens.

Accordingly, the complaint of plaintiff W. L. Weir must be dismissed; the complaints in intervention of Harold T. Corbett and Jack Corbett must be dismissed; the lien interest claimed by plaintiff in intervention United States of America in the funds in question is valid and subsisting; and the claim asserted by plaintiffs in intervention, Carkeek, Harris, Harris, Myers and Vertrees, is junior and subordinate to the liens of plaintiff in intervention United States of America above referred to.

Findings, conclusions and judgment in conformance herewith may be presented at the convenience of counsel.

1. The bail deposit was made at the Southern Division section of the clerk's office located at Tacoma, Pierce County.