UNITED STATES of America,
Plaintiff,

v.

WEBSTER RECORD CORPORATION, Bankers Trust Company, and The Borden Chemical Company, Defendants.

United States District Court
S. D. New York.

July 26, 1962.

See also 192 F.Supp. 104.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, for the United States; Eugene R. Anderson, Asst. U. S. Atty., of counsel.

Jacob F. Gottesman, New York City, for defendant, The Borden Chemical Co.

FREDERICK van PELT BRYAN, District Judge.

The United States sues to enforce liens filed against defendant Webster Record Corporation (Webster) for withholding and excise taxes assessed by the Commissioner of Internal Revenue between 1957 and 1960. At the time suit was commenced the balance remaining unpaid totalled $84,050.70, exclusive of interest.

Bankers Trust Company (Bankers) and The Borden Chemical Company (Borden) are also named as parties defendant. Bankers holds a deposit of $8,634.20 in its Queens' Branch for the account of Webster and is a stakeholder of these funds. Borden is a judgment creditor of Webster, which claims the amount on deposit with Bankers under a judgment creditor's lien which it asserts has priority over the Government's tax liens.

There are cross-motions for summary judgment under Rule 56, F.R.Civ.P. 28 U.S.C., by the United States and by Borden.

The undisputed facts as they appear from the pleadings and affidavits are as follows:

Webster is a Massachusetts corporation doing business in New York. Between 1957 and 1960 the Commissioner of Internal Revenue assessed a total of $84,050.70 for withholding and excise taxes due and owing from Webster. Liens totalling these amounts were filed by the Commissioner between June, 1958 and August, 1960 in both Dudley and Worcester, Massachusetts.

Borden is a New York corporation with its principal place of business in New York County. On July 5, 1960 it secured a judgment in the New York Supreme Court, New York County, against Webster in the amount of $11,320.50 for an unpaid balance due for merchandise sold and delivered, plus interest. Borden then initiated supplementary proceedings in the New York courts and obtained an order restraining Bankers from paying out the amount on deposit in Webster's account. Borden then moved to compel Bankers to turn over the deposit to it in partial satisfaction of its judgment. The Government was at no time a party to the original action by Borden against Webster, nor did it appear in the supplementary proceedings instituted after entry of judgment.

On October 4, 1960, while Borden's turnover motion was still pending in the state court, the Commissioner served a demand on Bankers for the surrender to the Government of the Webster funds on deposit. Borden then served a copy of its motion papers for a turnover on the Government. The Government commenced its action in this court to foreclose its lien as against the deposit.

The Government then secured an order of this court restraining Bankers from paying the deposit to Borden and to enjoin Borden from taking any further steps with respect to the fund until this action is finally determined.

On its motion for summary judgment the Government asserts that tax liens in the amount of at least $37,686.58 had been filed against Webster prior to the entry of judgment in favor of Borden in the New York State court action. It contends that these liens were filed prop-

erly under 26 U.S.C. § 6323,[1] and therefore it is entitled to be paid the deposit held by Bankers in partial satisfaction of Webster's tax indebtedness.

On its cross-motion for summary judgment Borden takes the position that the Government's liens were improperly filed under § 6323 and therefore are invalid as against Borden as a judgment creditor of Webster. Borden claims that under § 6323(a) (1) the tax lien must be filed in the appropriate office designated by the law of the state where the property subject to the lien is located. It urges that the deposit in the Queens Branch of Bankers is located in New York where the bank is. Therefore it argues that New York law must apply and that under New York law the Government's tax lien, in order to have priority, had to be filed in the office of the City Register of the county in which the bank where the funds were on deposit was situated. Borden necessarily takes the position that the threshold problem of determining where property of a delinquent taxpayer is located for the purposes of § 6323(a) (1) is governed by state law.

The Government, on the other hand, contends that federal law and not state law must be applied to determine the situs of the property against which a tax lien is asserted and that under federal law bank deposits are treated as intangible personal property having their situs at the domicile of the owner. It asserts that the domicile of Webster is Massachusetts where it is incorporated and that therefore its liens were perfected when filed in Massachusetts in compliance with filing requirements of that state and have priority over the subsequent judgment lien of Borden.

The initial question to be resolved on these motions is what law is to be applied to determine where "the property subject to the [tax] lien is situated." As already noted, Borden takes the position that state law determines the situs of the property, that therefore New York law must be applied and that under that law a bank deposit has its situs where the bank is located.

This is a bootstrap argument and is unsound.

No good reason is advanced by Borden why New York rather than Massachusetts law should be applied to determine the situs of this property other than that New York law supports Borden's position. The adoption of Borden's position would result in reasoning in a complete circle. If state law is to be applied by the federal courts to determine the situs of property which may be situated in more than one state, then which state law is to be chosen? The answer, of course, is the law of the state where the property has its situs which was the initial inquiry which is therefore left unanswered!

The answer to the question is that federal law determines the situs of property for purposes of § 6323. See United States v. Ullman, 179 F.Supp. 373, 375 (E.D.Pa.1959). Questions which directly affect the nature, effect and enforcement of federal tax liens are federal questions. If not specifically dealt with by statute they are governed by general federal law. Though such liens may intrude upon relationships traditionally governed by state law, it becomes necessary in the interest of sound administration of federal tax law to apply or formulate a "uniform nation-wide federal rule." See United States v. Brosnan, 363 U.S. 237, 80 S.Ct. 1108, 4 L.Ed.2d 1192 (1960). The application of such a rule is required here.

---

1. "§ 6323. Validity against mortgagees, pledgees, purchasers, and judgment creditors

"(a) Invalidity of lien without notice.—.

"Except as otherwise provided in subsection (c), the lien imposed by section 6321 shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the Secretary or his delegate—

"(1) Under state or territorial laws.—

"In the office designated by the law of the State or Territory in which the property subject to the lien is situated, whenever the State or Territory has by law designated an office within the State or Territory for the filing of such notice."

The cases cited by Borden, e. g., Aquilino v. United States, 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960) and United States v. Durham Lumber Co., 363 U.S. 522, 80 S.Ct. 1282, 4 L.Ed.2d 1371 (1960), do not in any manner detract from this conclusion nor do they support Borden's claims. They stand merely for the proposition that the law of the state where the property is situated determines to what extent the taxpayer had rights to property to which a tax lien can attach. This proposition cannot be applied without first determining the situs of the property, a question which, as has been pointed out, can only be resolved by resort to federal law.

The general federal rule is that personal property has its situs at the domicile of its owner. See, e. g., Tappan v. Merchants' National Bank, 19 Wall. 490, 86 U.S. 490, 22 L.Ed. 189 (1873); Baldwin v. Missouri, 281 U.S. 586, 50 S.Ct. 436, 74 L.Ed. 1056 (1930); Grand Prairie State Bank v. United States, 206 F.2d 217 (5 Cir. 1953); United States ·v. Royce Shoe Co., 137 F.Supp. 786 (D. N.H.1956); Weir v. Corbett, 158 F.Supp. 198 (W.D.Wash.1957); United States v. Jane B. Corporation, 167 F.Supp. 352 (D. Mass.1958); United States v. Ullman, supra. A bank account is personal property within the scope of this rule. Baldwin v. Missouri, supra. Therefore, the proper place for the filing of the Government's tax lien was the domicile of defendant Webster in conformity with the law of the state where it is domiciled.

A corporation has its domicile in the state in which it is incorporated and its residence at the place designated in its articles of incorporation as its principal place of business. Cream of Wheat Co. v. Grand Forks, 253 U.S. 325, 40 S Ct. 558, 64 L.Ed. 931 (1920); Fairbanks Steam Shovel Co. v. Wills, 240 U.S. 642, 36 S.Ct. 466, 60 L.Ed. 841 (1916); Guterman v. Rice, 121 F.2d 251 (1 Cir. 1941), cert. den. 314 U.S. 680, 62 S.Ct. 181, 86 L.Ed. 544; In re Pilgrim Plumbing Supply Corp., 123 F.Supp. 823 (S.D. N.Y.1953); In re Riverdale Production, Inc., 107 F.Supp. 87 (S.D.N.Y.1952).

There is no dispute here that Webster is a Massachusetts corporation and therefore its domicile is in that state. The situs of Webster's personal property, including the bank deposit claimed here by the Government and Borden, must be deemed to be located in Massachusetts.

In order to perfect its liens against Webster's property the Government was required by 26 U.S.C. § 6323 to file them in the office designated by Massachusetts law, (G.L. Ch. 36, § 24), which provides that federal tax liens shall not be valid against third persons

"unless such lien is recorded, in the case of real property, in the district where the real estate is located, and in the case of personal property in the office of the clerk of the city or town in which the person against whom a lien is filed resides or has his usual place of business."

This section has been construed as requiring the Government to file its lien against personal property of a corporation at that place within the state which is officially designated in the articles of organization as its principal place of business. United States v. Jane B. Corp., supra. See, also, Guterman v. Rice, supra.

In the case at bar the tax liens upon which the Government asserts its claim were filed in both Dudley and Worcester, Massachusetts. Though the Government has presented a great deal of material to indicate that Webster did business in Dudley, there is no evidence whatsoever as to what place is designated in the articles of organization of Webster as its principal place of business. Without such evidence it is impossible to determine whether the tax liens were filed in conformity with the Massachusetts statute as construed in United States v. Jane B. Corp., supra.

Borden's cross-motion for summary judgment is therefore in all respects denied. The Government's motion for summary judgment must also be denied because of its failure to establish the easily ascertainable and essential fact as to the

principal place of business designated in Webster's articles of organization. Such denial, however, is without prejudice to a renewal of the Government's motion if this defect in proof is supplied.

It is so ordered.