In the Matter of Sidney W. Mintz, Respondent, v. Irving L. Fischer, Judgment Debtor. United States of America, Appellant.

First Department, June 11, 1963.

*John Paul Reiner* of counsel (*Arthur S. Olick* with him on the brief; *Robert M. Morgenthau, United States Attorney*), for appellant.

*Sidney W. Mintz*, respondent in person.

McNally, J. The question presented is one of priority between a United States tax lien and a judgment lien.

The judgment debtor Irving L. Fischer is the taxpayer and at all relevant times was a resident of Queens County. He owes Federal income tax for the years 1957 to 1959 in the sum of $4,099, and $5,960.77 for the year 1960. Assessments therefor were made during 1961 and liens thereon filed on October 17, 1961 and November 1, 1961, in the office of the Register of Queens County. The United States asserts the priority of its liens from the filing aforesaid.

Sidney W. Mintz is the judgment creditor of Fischer. His judgment for $2,469 was docketed in the office of the Clerk of

Bronx County on March 2, 1960 and in the office of the Clerk of the County of New York on January 25, 1962. It is unsatisfied to the extent of $1,319. On January 31, 1962 a third-party subpœna in aid of Mintz' judgment was served on Robert P. Sheldon, Inc., engaged in the real estate brokerage business in New York County. This subpœna contained the statutory injunction provided for in section 781 of the Civil Practice Act. Robert P. Sheldon, Inc., is presently indebted to Fischer in the sum of $1,424.50. On February 13, 1962 the Director of Internal Revenue served a notice of levy upon Robert P. Sheldon, Inc.

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount * * * shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." (U. S. Code, tit. 26, § 6321.) The lien applies to all property of the taxpayer at the time it arises and at any time thereafter. (*Glass City Bank* v. *United States*, 326 U. S. 265, 268.) It arises at the time the assessment is made and continues until the tax liability is satisfied or outlawed by reason of lapse of time. (U. S. Code, tit. 26, § 6322.)

The lien is valid upon assessment of the tax as to all except a "mortgagee, pledgee, purchaser, or judgment creditor". As to these the lien is not perfected until notice of the lien is filed "In the office designated by the law of the State * * * in which the property subject to the lien is situated"; if not so designated, then not until filed "In the office of the clerk of the United States district court for the judicial district in which the property subject to the lien is situated". (U. S. Code, tit. 26, § 6323.)

The tax assessments and the filing of the notice of lien thereof in Queens County, the place of residence of the taxpayer, antedated the docketing of the judgment and the service of the third-party subpœna on the debtor of the taxpayer in New York County. Mintz, the judgment creditor, claims priority of his judgment lien contending that the United States was required to file notice of its lien in New York County, the place of residence of Robert P. Sheldon, Inc., the debtor of the taxpayer judgment debtor Fischer. We hold the filing of the notice of tax lien in Queens County gives priority to the claim of the United States.

New York has designated the office of the City Register as the place to file notices of Federal tax liens affecting personal property and requires the notices to be filed in the county of residence of the owner and "in the county where the property is situated". (Lien Law, § 240, subd. 2.)

The nature, scope and operation of the Federal tax lien is a matter of Federal law. Unless expressly excluded all the property of the taxpayer is within its scope. (*United States* v. *Security Trust & Sav. Bank,* 340 U. S. 47.) Of course, property rights are a matter of State law. (*United States* v. *Bess,* 357 U. S. 51, 56–57.)

Filing of the notice of lien is a Federal requirement as to property " situated ". (U. S. Code, tit. 26, § 6323.) A debt has no independent situs. (84 C. J. S., Taxation, § 116, subd. a; Restatement, Conflict of Laws, § 51, comment a.) Generally, the domicile of the creditor is considered the situs of the debt. (*United States* v. *Webster Record Corp.,* 208 F. Supp. 412, 415, and cases cited.)

Uniformity is essential in the application and enforcement of Federal tax laws. (*United States* v. *Gilbert Associates,* 345 U. S. 361, 364.) Taxation is a practical matter and it is not to be assumed that its enforcement depends on the accident of the residence of an unknown debtor of the taxpayer. If resort to legal fiction is necessary, then the necessities of tax uniformity and requirements dictate the selection of the domicile of the owner of the intangible. " At the root of the selection is generally a common sense appraisal of the requirements of justice and convenience in particular conditions." (*Severnoe Securities Corp.* v. *London & Lancashire Ins. Co.,* 255 N. Y. 120, 123–124 [CARDOZO, Ch. J.].)

In *Matter of Oxford Distr. Co.* v. *Famous Robert's* (5 A D 2d 507) the notice of lien was filed in New York County, the place of residence of the corporate taxpayer, and although not filed in Albany the tax lien was held prior to a judgment creditor's third-party subpoena served on the State Comptroller in Albany in respect of a refund incident to the surrender of the taxpayer's liquor license. The omission to file the notice of lien in Albany was not urged; it was assumed that the filing requirement had been met by the filing in New York County (see, also, *Spade* v. *Salvatorian Fathers,* 189 A. 2d 738 [N. J.].) The Federal cases treating with the question are to the effect that no filing is required other than at the place of residence of the owner of intangible property. (*United States* v. *Eiland,* 223 F. 2d 118, 122; *United States* v. *Kings County Iron Works,* 224 F. 2d 232; *Matter of Cle-Land Co.,* 157 F. Supp. 859; *Weir* v. *Corbett,* 158 F. Supp. 198.)

Moreover, in this instance, the debt is after-acquired property, it having come into existence after the filing of the tax lien. Such property is subject to the lien. (*Glass City Bank* v. *United States,* 326 U. S. 265, *supra.*) If it be assumed the debt is located

in New York County by reason of the residence there of the taxpayer's debtor, it does not appear the debt was so situated at the time the notice of lien was filed in Queens County. Subdivision 2 of section 240 of the Lien Law requires a filing in the county where the property is located only in the event the property is in existence at the time the tax lien arises. As the then situs in New York County of the debt does not appear, the prior filing in Queens County, the county of the debtor's residence, satisfies the New York statute.

The order should be reversed, on the law, and Robert P. Sheldon, Inc., the debtor of the taxpayer judgment debtor Irving L. Fischer, directed to pay the balance of the indebtedness, to wit, $1,424.50, to claimant-appellant United States of America, without costs.

RABIN, J. P., STEVENS, EAGER and STEUER, JJ., concur.

Order, entered on August 7, 1962, unanimously reversed, on the law, without costs, and Robert P. Sheldon, Inc., the debtor of the taxpayer judgment debtor Irving L. Fischer, directed to pay the balance of the indebtedness, to wit, $1,424.50, to claimant-appellant, United States of America. Settle order on notice.