**UNITED STATES of America, Plaintiff,**

v.

**Karem HADDAD, Joseph G. Roukous, Ilia Roukous, Mary DiLullo and Joseph A. Badway, Defendants.**

**Civ. A. No. 2878.**

United States District Court
D. Rhode Island.

Dec. 27, 1965.

Thomas R. Manning, Dept. of Justice, Washington, D. C., Raymond J. Pettine, U. S. Atty., Frederick W. Faerber, Asst. U. S. Atty., Providence, R. I., for plaintiff.

John Tramonti, Jr., Providence, R. I., for Joseph G. and Ilia Roukous and Mary DiLullo, Harold H. Winsten, Providence, R. I., for Joseph A. Badway.

DAY, District Judge.

This is an action brought by the United States under Section 7403 of the Internal Revenue Code of 1954 to foreclose tax liens on the interest of the delinquent taxpayer, the defendant Karem Haddad, in a certain indebtedness owed to him by the defendants Joseph G. Roukous, Ilia Roukous and Mary DiLullo as evidence by their promissory note payable to him, the payment of which is secured by a certain real estate mortgage hereinafter described. The defendant Joseph Badway claims to be the owner of said indebtedness by virtue of a transfer of said mortgage deed and the note secured thereby, as he claims, for present valuable consideration from the defendant Haddad. All of the defendants except Haddad are residents of Rhode Island, were served with process and have filed answers herein. At the time of the assessment against him of the income taxes and penalties involved herein, Haddad was a resident of the Town of Wareham, in the Commonwealth of Massachusetts, and filed his income tax returns in that state. When this action was brought on December 14, 1961, he had disappeared and his whereabouts remain unknown. Notice of the pendency

of this action was given to him by publication pursuant to the provisions of 28 U.S.C. § 1655 but he did not appear or file any pleading herein.

From the evidence presented, it appears that on December 31, 1952 and on February 20, 1953 the Commissioner of Internal Revenue made timely jeopardy assessments against the taxpayer for income taxes, penalties and interest for the taxable years 1946 to 1951. The assessment as of December 31, 1952 was in the sum of $78,404.41, was received by the District Director of Internal Revenue in Boston, Massachusetts on January 2, 1953, and notice of assessment and demand for payment was on the same date sent to the taxpayer at his then residence. The assessment made on February 20, 1953 was in the sum of $21,-391.11, was received by the District Director on February 24, 1953, and, on the same date notice of assessment and demand for payment was sent to the taxpayer. Payment not having been made by the taxpayer following said notices of assessment and demands for payment, a notice of a federal tax lien in the amount of $78,404.41 covering said assessment of December 31, 1952 was filed in the office of the Town Clerk of Wareham, Massachusetts on January 20, 1953, and on March 9, 1953, a notice of federal tax lien covering said assessment of February 20, 1953 was also filed with said Town Clerk in accordance with the provisions of Section 24 [1] of Chapter 36 of the Massachusetts General Laws.

On December 22, 1958 the United States filed an action in the United States District Court for the District of Massachusetts for the collection of said taxes and penalties. Haddad was represented by counsel in said action and filed an answer therein. On April 9,

1962 judgment was entered therein in favor of the United States in the amount of $104,722.86, being the amount of said taxes and penalties with interest to the date of entry of said judgment.

It appears that on July 18, 1952 the defendants Joseph Roukous, Ilia Roukous and Mary DiLullo, in consideration of a loan to them of $15,000 by Haddad, issued to him their promissory note in said amount payable five (5) years from the date thereof, the payment of said note being secured by their mortgage deed bearing the same date and covering certain real estate located in the Town of Johnston, in the State of Rhode Island. This mortgage deed was thereafter, on July 21, 1952, recorded, as by statute provided, in the Records of Mortgages in said Town of Johnston.

It further appears that on January 25, 1957 the taxpayer executed and delivered a transfer of said mortgage deed and the debt secured thereby to the defendant Badway. In said instrument Haddad is described as being a resident of Wareham, Plymouth County, Massachusetts, and it is further stated therein that said transfer is made "in consideration of the sum of One ($1) Dollar and other valuable considerations" paid by Badway. This transfer was not recorded in the Records of Mortgages in the Town of Johnston until April 8, 1957. No satisfactory explanation of the delay in its being recorded was given by Badway. At the time of the execution of said transfer, said mortgage deed and note were admittedly not delivered to Badway. It was not until some time in 1962 that they came into Badway's possession under circumstances related by him that, to say the least, appear to be incredible.

At the time of the execution and delivery of said transfer it is clear that the

1. Sec. 24 of Chapter 36 reads as follows:
 "Notice of a federal tax lien on any property or rights thereto, or a certificate of discharge of such a lien, may be filed without the payment of any fee with the register of deeds of the county where the property is situated and shall be recorded. No such federal lien shall be valid against any person other than the person named in the lien, unless such lien is recorded, in the case of real property, in the district where the real estate is located, and in the case of personal property in the office of the clerk of the city or town in which the person against whom a lien is filed resides or has his usual place of business."

balance of the principal due on said note was $10,800. In support of his contention that he was a purchaser of said mortgage deed and note for valuable consideration, Badway testified that he and Haddad had been friends for many years, and that on numerous occasions he had loaned various amounts of money to him, some of which had not been repaid. As evidence of these alleged loans he did produce a copy of a recording of a lien in the amount of $2,600. in his favor on an automobile registered to Haddad and recorded in Tallahassee, Florida on January 14, 1954, the date of such lien being set forth therein as December 28, 1953. He produced no cancelled check or checks to establish that he had actually advanced or loaned $2,600. to Haddad. He produced no other documents or records that would serve to establish that he had loaned any money at any time to Haddad. His explanation that he had destroyed the records that he once kept is incredible.

Badway testified that he paid exactly the sum of $10,800, the balance due on said note, to Haddad for said transfer. According to him said sum was paid in the following manner: one dollar ($1) paid to Haddad upon delivery of said transfer to him; his note of $6,000., payable to the attorney who was representing Haddad in his income tax difficulties, and the precise balance of $4,799. in the form of unpaid loans to Haddad at various times, including said alleged loan of $2,600. secured by said lien on Haddad's automobile, purportedly made after the United States had made demand upon him for the payment of said taxes and penalties assessed against him on December 31, 1952 and February 20, 1953.

█ Observing Badway closely while he testified, I do not believe his testimony that he paid present consideration for said transfer and that he was not aware at the time of the execution of said transfer that Haddad was in tax difficulties with the Government. On the contrary, I am convinced that Badway was then cognizant of Haddad's situation, he having accompanied the latter to his attorney's office on many occasions. While it is true that there was testimony by the attorney who then represented Haddad that Badway had given him said note and thereafter paid the amount in cash installments, there was no testimony as to the specific amounts of such payments or from what source Badway obtained the cash to make them. His attempts to explain the source thereof were far from convincing. I am far from satisfied that they were not made with funds furnished by Haddad. In summary, I find the testimony of Badway unworthy of belief and find that said transfer was fraudulent and without present consideration.

In addition, Badway contends that the United States is not entitled to the relief it seeks herein because the notices of said liens for said taxes and penalties were not recorded as required by the provisions of Section 3672 [2] of the Internal Revenue Code of 1939, 26 U.S.C. § 3672, and because the instant action was not commenced within six years after said assessments of December 31, 1952 and February 20, 1953, as provided in Section 276(c) of the Internal Revenue Code of 1939, 26 U.S.C. § 276(c).

█ As hereinbefore recited, notices of said liens were recorded in the office of the clerk of the Town of Wareham where Haddad resided on January 20, 1953, and on March 9, 1953, in accordance with the provisions of Section 24 of Chapter 36 of the Massachusetts General Laws.

2. Section 3672 of the Internal Revenue Code of 1939 provided in pertinent part: "Validity against mortgagees, pledgees, purchasers, and judgment creditors. (a) Invalidity of lien without notice.—Such lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector—

(1) Under State or Territorial laws. In the office in which filing of such notice is authorized by the law of the State or Territory in which the property subject to the lien is situated, whenever the State or Territory has by law authorized the filing of such notice in an office within the State or Territory; or

* * * * *."

The balance of the debt then due the taxpayer with interest thereon was intangible personal property belonging to him. Said promissory note is merely evidence of said indebtedness and the mortgage deed is merely security for its payment. The situs of intangible personal property is the domicile of its owner. Baldwin v. State of Missouri, 1930, 281 U.S. 586, 50 S.Ct. 436, 74 L.Ed. 1056; Kirtland v. Hotchkiss, 1879, 100 U.S. 491, 25 L.Ed. 558. In my opinion the filings of said notices of liens in the office of the Town Clerk of Wareham, Massachusetts, pursuant to the provisions of said Section 24 of Chapter 36 of the Massachusetts General Laws satisfied the requirements of Section 3672 of the Internal Revenue Code of 1939 and perfected said liens against said indebtedness. Investment & Securities Co. v. United States, 1944, 9 Cir., 140 F.2d 894; United States v. Webster Record Corporation, 1962, D.C.N.Y., 208 F.Supp. 412; In Re Cle-Land Company, Inc., 1957, D.C.Mass., 157 F.Supp. 859; United States v. Royce Shoe Company, 1956, D.C.N.H., 137 F.Supp. 786; United States v. Spreckels, 1943, D.C.Cal., 50 F. Supp. 789.

 The contention of Badway that this action is barred by the statute of limitations provided in Section 276(c) of the Internal Revenue Code of 1939 because it was not brought within six years of said assessments is likewise without merit. The institution of said action in the United States District Court for the District of Massachusetts on December 22, 1958 tolled the statute of limitations provided in said section. United States v. Ettelson, 1947, 7 Cir., 159 F.2d 193; Investment & Securities Co. v. United States, supra; United States v. American Casualty Co. of Reading, Pa., 1964, D.C.Ky., 238 F.Supp. 36; United States v. Diamond, 1956, D.C.N.Y., 142 F.Supp. 441. In any event, the running of the statute of limitations as a bar to the collection of a tax is a matter of affirmative defense to be pleaded. Since this defense was not pleaded by Badway in his answer, it is deemed to be waived. Bur-

net v. Desmornes y Alvarez, 1912, 226 U.S. 145, 33 S.Ct. 63, 57 L.Ed. 159; Gormley v. Bunyan, 1891, 138 U.S. 623, 11 S.Ct. 453, 34 L.Ed. 1086; Grabner v. Willys Motors, Inc., 1960, 9 Cir., 282 F.2d 644, 86 A.L.R.2d 994; Peckham v. Ronrico Corp., 1954, 1 Cir., 211 F.2d 727; Rule 8(c), Federal Rules of Civil Procedure; 10 Mertens Law of Federal Taxation § 57.92.

Therefore, I find and conclude that the United States has valid liens on the indebtedness of the defendants Joseph G. Roukous, Ilia Roukous and Mary DiLullo to the taxpayer superior to any claim of Badway, and that this action was timely brought and that the United States is entitled to foreclose its liens on said indebtedness.

 On May 8, 1959, a notice of levy and demand for payment of said sum of $10,800, together with interest at the statutory rate since July 17, 1957, was made upon the defendants Joseph G. Roukous, Ilia Roukous and Mary Di-Lullo. It further appears that said defendants shortly before the maturity date of said note, by their attorney, advised the then United States Attorney for the District of Massachusetts in writing that they were ready to pay the balance of said principal upon the condition that the United States deliver to them a discharge of said mortgage deed and return to them the note secured thereby. The United States was unable to comply with this condition and said balance together with interest remains unpaid. They concede that they owe said sum of $10,-800, but urge that interest thereon since July 17, 1957 should be abated because the United States was unable to secure for them a discharge of said mortgage and to effect the return to them of their note. No authorities have been cited by them nor have I found any which would permit me to abate the interest due on said balance since July 17, 1957. Under the circumstances existing here, I think it would be equitable if they were required to pay interest thereon only at the rate provided in said note, that is, at the rate of four per cent (4%) per annum

since July 17, 1957 to the date of payment.

Accordingly, I conclude that a judgment shall be entered herein declaring that the United States has valid and subsisting federal tax liens on said indebtedness which are superior and paramount to any claimed interest therein of the defendants Joseph Badway and Karem Haddad, and directing the defendant Joseph Badway to execute and deliver forthwith to the United States a discharge of said mortgage deed of which he is the transferee of record, together with said mortgage deed and note, and directing that the defendants Joseph G. Roukous, Ilia Roukous and Mary DiLullo pay forthwith to the United States said sum of $10,800. with interest thereon at the rate of four per cent (4%) per annum since July 17, 1957 to the date of payment, to be applied by it in partial satisfaction of said judgment entered on April 9, 1962, and providing that upon such payment the United States shall deliver to them said discharge, mortgage deed and note.

Counsel for the plaintiff will prepare and present for entry a judgment in accordance with the conclusions hereinbefore set forth.