**UNITED STATES v. ETTELSON et al.**

No. 1476.

District Court, E. D. Wisconsin.
Jan. 25, 1946.

As Amended Oct. 21, 1946.

Timothy Cronin, U. S. Atty., of Milwaukee, Wis., for the United States.

Harry V. Meissner, of Milwaukee, Wis., for Leonard B. Ettelson and Amy B. Ettelson.

James L. McMonigal, of Berlin, Wis., for Frank G. Lueck and Green Lake County.

DUFFY, District Judge.

This action is brought under 26 U.S.C.A. Internal Revenue Code, § 3678, for the purpose of foreclosing a lien for income taxes alleged to exist in favor of the United States. The real estate involved is located in Green Lake County, Wisconsin, and formerly belonged to the late Samuel A. Ettelson, a resident of Chicago, Illinois.

Defendant Amy B. Ettelson is the widow of Samuel A. Ettelson. Defendant Leo J. Strauss is the son of Amy Ettelson. Defendant Frank G. Lueck is the holder of certain delinquent real estate tax certificates for the year 1939, purchased by him from the County of Green Lake on November 21, 1940. Defendant Green Lake County is the owner of delinquent real estate tax

certificates purchased by it in 1941, 1942, and 1943, for the years 1940, 1941, and 1942 respectively, and there are also unpaid taxes for subsequent years. Samuel A. Ettelson died testate on May 9, 1938, and the executors of his will likewise are made parties defendant.

The Commissioner of Internal Revenue assessed against Samuel A. Ettelson, or his estate, income taxes totaling $96,242.96 for eight different periods from 1934 to May 9, 1938. On October 3, 1938, the Collector of Internal Revenue for the First Illinois Collection District filed a claim against the Samuel A. Ettelson Estate in the Probate Court of Cook County, Illinois, which claim was allowed on February 9, 1939, in the sum of $47,186.73. He filed another claim on October 31, 1939, and it appears that no final action was taken on said claim. He filed another claim on December 12, 1939, which was allowed on February 26, 1940, in the sum of $859.54. He filed an additional claim on March 18, 1940, which was allowed by the court on April 22, 1940, in the sum of $2,473.18. On May 16, 1940, said collector filed with the register of deeds of Green Lake County, and with the clerk of this court, notice of a lien in the sum of $96,242.96.

Green Lake County claims a primary lien for unpaid real estate taxes upon the property in question for the years 1940, 1941, 1942, and 1943, in the sum of $2,960.61, contending that same is prior to the alleged lien of the plaintiff. Defendant Lueck makes the same claim by reason of his tax certificate for 1939 taxes. Amy Ettelson claims her dower right in said real estate, which she contends became effective prior to the lien claimed by the plaintiff.

Ancillary probate proceedings on the Estate of Samuel A. Ettelson, deceased, were had in Green Lake County. Instead of liquidating the assets located in that county the court authorized and confirmed a sale of the property in question to defendant Strauss, subject however to the widow's right of dower, whatever valid lien for taxes the plaintiff might have, and also local taxes. No determination of priority was made. The Probate Court of Cook County, Illinois, had no jurisdiction over the Wisconsin real estate; hence that court could not and did not make a determination as to priority. This action was commenced to establish those priorities and to have the proceeds of the foreclosure distributed in accordance with the determination herein.

Chapter 233 of the Wisconsin Statutes grants to a widow a dower defined as a one-third part of all the lands whereof her husband was seized of an estate of inheritance unless she is lawfully barred thereof. This dower right cannot be defeated or impaired by any act of the husband. No evidence of any action by Mrs. Ettelson whereby she barred herself from this right was introduced. When her husband died on May 9, 1938, she received a vested interest in the real estate owned by him. Irrespective of whether the plaintiff's lien is otherwise valid or invalid, it cannot affect or supersede Mrs. Ettelson's dower interest in the property.

Defendants Green Lake County and Lueck urge that the proof in this case utterly fails to show a demand by plaintiff for the payment of the taxes. Section 3670, Internal Revenue Code, 26 U.S.C.A. Int. Rev.Code, § 3670, provides: "If any person liable to pay any tax neglects or refuses to pay the same *after demand,* the amount * * * shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." (Italics supplied.) The "demand" required by Section 3670 has been held to be a condition precedent in order to create and bring the lien into operation. United States v. Pacific Railroad Co., C. C. Mo., Fed. Cases 15,984; In re Baltimore Pearl Hominy Co., D.C., 294 F. 921; Johnson v. Western Union Tel. Co., 184 Misc. 728, 53 N.Y.S.2d 867. The required demand could not be made on Ettelson after May 9, 1938, for he had died. I hold that the timely filing of the claims in the Probate Court of Cook County was sufficient demand on the executors. Hence this contention of the defendants must be overruled.

Defendants Green Lake County and Lueck also urge that the plaintiff is barred by the statutes of limitation. Considering

first the six-year statute, (Section 276(c), Internal Revenue Code, 26 U.S.C.A. Int. Rev.Code, § 276(c), provides: "Where the assessment of any income tax imposed by this chapter has been made within the period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court, but only if begun (1) within six years after the assessment of the tax * * *." The six-year limitation period had about three years to run when the last claim for income taxes was filed by the collector in the Probate Court of Cook County. It was held in United States v. Paisley, D. C., 26 F.Supp. 237, that the filing of the proof of claim in the Probate Court of Cook County constituted a commencement of "a proceeding in court" as required by this section. Having reduced its tax claims to judgment within the six-year period, plaintiff may proceed to enforce the tax lien at any time. Investment & Securities Co. v. United States, 9 Cir., 140 F.2d 894.

Sec. 275, Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, 275, provides: "Except as provided in Sec. 276—"(a) General rule. The amount of income taxes imposed by this chapter shall be assessed within three years after the return was filed, and no preceedings in court without assessment for the collection of such taxes shall be begun after the expiration of such period."

Defendants argue that the right of the plaintiff to maintain this action depends upon proof that the assessments were made within the time limit allowed by Sections 275 and 276, and contend the evidence submitted upon the trial contained no proof whatsoever as to the dates when the various assessment lists were made or when the same were received by the collector.

Section 3671, Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3671, provides: "Period of lien. Unless another date is specifically fixed by law, the lien shall arise at the time the assessment list was received by the collector and shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time." Plaintiff admits that the record herein does not disclose the exact date upon which each assessment list was received by the collector, and in its brief states that such dates were not available at the time of the trial, and makes a request that the attorneys for the various parties now stipulate as to said dates. The attorney for Green Lake County and Frank G. Lueck refuses to so stipulate. No such stipulation has been filed by any attorney for any of the defendants.

In order to present plaintiff's case properly, the specific dates should have been proved when the various assessment lists were transmitted to and received by the Collector of Internal Revenue for the First Illinois Collection District at Chicago. It is not evident why such dates were not available at the trial as the plaintiff now claims, although apparently such dates are presently available. The question to be determined is whether such want of proof is fatal to the plaintiff's cause herein.

 Certified copies of the claims filed by the Collector of Internal Revenue in the Probate Court of Cook County were received in evidence. The first claim was dated September 30, 1938, and was filed October 3, 1938. Plaintiff argues that this shows the assessment list had been received by the collector prior to said dates. While we may assume that statement to be correct, it does not constitute proof. It is merely hearsay testimony. Nor does the fact that the claims were verified by the collector before filing make any difference. The inherent weakness of hearsay testimony is not cured by the fact that the statement has been made under oath or in any judicial proceedings between other parties. Jones on Evidence, 3d Ed., § 299, p. 565.

I am compelled to hold that the failure of proof above described was fatal. The complaint herein will be dismissed.