UNITED STATES of America, Judgment-Creditor,

v.

Morris SASLAVSKY, alias Edward Morris, Judgment-Debtor.

United States District Court
S. D. New York.

Oct. 1, 1957.

884

Paul W. Williams, U. S. Atty., Robert J. Ward, Asst. U. S. Atty., New York City, for the United States.

Harper & Matthews, New York City, Harold Harper, and Vincent P. Uihlein, New York City, of counsel, for judgment debtor.

CASHIN, District Judge.

This is a motion by the Government, as judgment-creditor, for a turn-over order in accordance with New York Civil Practice Act, § 794, directed to Harper & Matthews, as third parties.

The judgment-debtor failed to make returns or pay income taxes for the years 1922 through 1929. On November 7, 1936, the Commissioner of Internal Revenue assessed the taxes due from the judgment-debtor and forwarded the assessment list to the Collector of Internal Revenue for the Third District, in which District the judgment-debtor then resided. Although no direct evidence was presented that the assessment list was ever forwarded to the Collector, it is found that such action was taken, since the complaint in the action pleads notice and demand for payment pursuant to the assessment on November 9, 1936. It will be presumed that the Collector, acting in his official capacity in making the demand, had in his possession the assessment list upon which the demand was based. United States v. Ettelson, 7 Cir., 1947, 159 F.2d 193, 195–196. The instant suit was brought on April 5, 1939 and default judgment entered on July 22, 1939. The judgment was not filed or docketed in any of the offices of the State of New York duly qualified to accept such filing or docketing.

In 1944, the third party firm was retained by the judgment-debtor to attempt to compromise the judgment in the instant suit as well as a judgment obtained by the State of New York for delinquent taxes owing to that sovereignty. In order to obtain funds to be offered in compromise, the third parties instituted suit for an accounting against a former partner of the judgment-debtor and obtained a settlement in said suit of $24,000. After remunerating themselves for their fee and disbursements in obtaining the judgment, pursuant to an attorneys' charging lien, the third parties, on behalf of the judgment-debtor, offered the balance of the fund *pro rata* to the state and federal governments in compromise of their respective judgments for delinquent taxes. The State accepted the offer but the Government, after protracted negotiations, rejected it.

On January 7, 1957, the Government obtained an order for the examination of the third parties in supplementary proceedings. In lieu of examination the Government accepted a letter from the third parties stating that the funds sought herein, in the amount of $14,771.94, were being held by them for the account of the judgment-debtor. The present application for a turn-over order was thereafter made. The third parties assert an attorneys' retaining lien for the services rendered in effecting the compromise of the State tax claim and attempting to effect compromise of the Federal tax claim. The Government, the third parties and the judgment-debtor have agreed that, in the event it is determined that the third parties possess a lien superior to any rights of the Government, the Court may determine the amount of the lien.

The lien which the Government asserts herein was created by Section 613 of the Revenue Act of 1928 (now §§ 6321, 6322, 6323, of Title 26 U.S.C.A.). The receipt by the Collector of the assessment list gave rise to a lien in favor of the Government upon "all property and rights to property, whether real or personal, belonging to (the taxpayer)." With the exception of mortgagees, purchasers or judgment creditors, the lien was effective without the necessity of notice thereof being filed in any office.

A lien in favor of the Government therefore arose between November 7, 1936 and November 9, 1936. This lien attached not only to existing assets of the debtor (in this case none) but also to any after acquired interests. Glass City Bank v. United States, 326 U. S. 265, 66 S.Ct. 108, 90 L.Ed. 56. The possibility of the lien attaching to after acquired property would, however, become ineffective within six years from date of its arising if no further action were taken. Section 276, Revenue Act of 1936, now 26 U.S.C.A. § 6502. An intervening step was, however, taken within the six year limitation period. The Government instituted the instant suit against the taxpayer and obtained judgment in personam against him. The narrow issue presented in this case is whether this intervening step was effective to extend the period within which the lien could attach to after acquired property of the judgment-debtor for the life of that judgment. Section 276 of the Revenue Act of 1936, insofar as is relevant herein, reads as follows:—

"(c) Collection after assessment. Where the assessment of any income tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court, but only if begun (1) within six years after the assessment of the tax, * * *".

Here, "a proceeding in court" was instituted within the six year period. The words of the Statute apparently, therefore, contemplated an extension of the possibility of the lien attaching to after acquired property. This contemplation has been judicially recognized and enforced. Investment & Securities Co. v. United States, 9 Cir., 1944, 140 F. 2d 894. (See also United States v. Ettelson, supra, where, although the point was not specifically considered in the Appellate Court decision, the District Court's holding in E.D.Wis.1946, 67 F.Supp. 257 in accordance with the Investment & Securities Co. v. United States was inferentially affirmed). The institution of the instant suit, therefore, extended the possibilities of the attaching of the Government's tax lien for so long as the judgment in personam would have efficacy. The funds in question are concededly property of the judgment-debtor to which the lien could attach. The lien, therefore, attached as soon as the fund came into existence and any services rendered by the third parties which would give rise to the attorneys' retaining lien cannot act to make such lien superior to the lien of the Government.

Accordingly, the motion of the judgment-creditor is granted and the third

parties are ordered to turn over to the Clerk of the United States Court for the Southern District of New York the fund in question in the amount of $14,771.94.