Harry H. HECTOR, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16736.

United States Court of Appeals Fifth Circuit.

March 18, 1958.

Robert Ward, Miami, Fla. (Ward & Ward, Miami, Fla., on the brief), for appellant.

Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Ellis N. Slack, I. Henry Kutz, S. Dee Hanson, Attys., Dept. of Justice, Washington, D. C., James L. Guilmartin, U. S. Atty., Miami, Fla. (Richard R. Booth, Asst. U. S. Atty., Miami, Fla., on the brief), for appellee.

Before HUTCHESON, Chief Judge, and BORAH and TUTTLE, Circuit Judges.

PER CURIAM.

Appealing from the judgment for individual income taxes timely assessed against him, entered in "a proceeding in court * * * begun (1) within six years after the assessment of the tax" to obtain an in personam judgment against him for the amount of the assessed and unpaid taxes, taxpayer is here insisting that it was entered in derogation, indeed in violation of the limitation upon collection of income taxes after assessment imposed by Sec. 276(c) of the Internal Revenue Code of 1939.[1]

Putting the basic question involved in this appeal as he sees it, the taxpayer thus states it:

"Can the United States of America several weeks prior to the expiration of the six year Statute of Limitations as provided in the Internal Revenue Code, file a suit against a taxpayer against whom the Government has an assessment, not for the purpose of attempting to collect the assessment but purely for the purpose of obtaining a judgment against him in the Federal Courts, which judgment after rendition will under Florida law be good for an additional seven years after the entry of the judgment, or is the United States of America limited under the applicable statutes to a period of six years after the assessment in which to collect the tax and if the tax is not collected within that time, any further proceedings or actions are barred?"

Thus stating the question and standing upon United States v. Havner, D.C., 21 F.Supp. 985 (reversed in the Court of Appeals, 8 Cir., 101 F.2d 161), Bowers v. New York & Albany Lighterage Co., 273 U.S. 346, 47 S.Ct. 389, 71 L.Ed. 676, and Commissioner of Internal Revenue v. Wilson, 10 Cir., 60 F.2d 501, appellant contends that the effect of the judgment appealed from is to amend the statute by extending the six year period of limitation for "collection after assessment" by seven years, the life of a judgment under the Statutes of Florida.

The United States thus states the question presented:

"Whatever the District Court, in entering the judgment appealed from, infringed in the six year period of limitation upon collection of income taxes after assessment, imposed by Sec. 276(c) of the Internal Revenue Code of 1939, when within the six year period suit was begun in the court below for an in personam judgment against the taxpayer for the amount of such assessed and unpaid taxes, although the judgment was not entered until

---

1. "(c) Collection after assessment. Where the assessment of any income tax imposed by this chapter has been made within the period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court, but only if begun (1) within six years after the assessment of the tax * * *" 26 U.S.C.A. § 276 (c).

after the expiration of that period, and whether, as so construed, Sec. 276(c) violates the Constitution of the United States."

So stating and opposing to appellant's contentions the language of the statute and United States v. Havner, 8 Cir., 101 F.2d 161, Investment & Securities Co. v. U. S., 9 Cir., 140 F.2d 894, United States v. Ettelson, 7 Cir., 159 F.2d 193, and United States v. Saslavsky, D.C., 160 F.Supp. 883, appellee insists that the position of the appellant is completely without merit and the judgment must be affirmed.

We agree that this is so and on the plain and clear language of the statute and the authority of the above cited cases, the judgment is Affirmed.