**UNITED STATES of America,**
**Plaintiff,**

v.

**Jon EDELMAN aka Jon J. Edelman**
**or John J. Edelman, Defendant.**

**Civil No. 06–1216–WJ/RLP.**

United States District Court,
D. New Mexico.

Sept. 15, 2009.

Waymon Giles Dubose, Jr., U.S. Dept. of Justice, Dallas, TX, for Plaintiff.

Jon Edelman, Arroyo Hondo, NM, pro se.

## MEMORANDUM OPINION AND ORDER

WILLIAM P. JOHNSON, District Judge.

THIS MATTER comes before the Court upon (I) Defendant's Opposed Second Motion to Dismiss, filed February 2, 2009 (Doc. 46), (ii) Plaintiff's Opposed Second Motion of United States for Summary Judgment, filed April 15, 2009 (Doc. 53), and (iii) Defendant's Opposed Motion to Enlarge Time to Respond to Plaintiff's Motion for Summary Judgment, filed April 27, 2009 (Doc. 54). The Court having reviewed the motions, the memoranda of the parties, the record, and the applicable law, and otherwise being fully advised, finds that the Defendant's motion to dismiss is not well taken and will be denied; Plaintiff's motion for summary judgment will be granted in part and denied in part; and Defendant's motion to enlarge time will be granted.

### Background

The Government's complaint against Defendant Edelman ("Edelman") seeks to reduce to judgment certain federal tax assessments for the years 1979, 1980, 1981, 1982, 1983, 1984, 1985, 1987, 1992, 1993, 1994, 1995, 1996, 1997, 1998 and 2003. *First Am. Compl.* ¶ 1. The claimed aggregate unpaid balance of these assessments, including accrued interest as of December 14, 2006 was $412,074,674.12. *Id.* ¶ 8 at 5. The Government also asked for interest and other statutory additions accruing after December 14, 2006, until paid; a ten percent surcharge authorized by 28 U.S.C. § 3011; and, costs. *Id.* at 5–6.

In response to receiving a notice of deficiency, in March 1987, Edelman filed with the United States Tax Court, in docket no. 8253–87, a petition to have redetermined his federal income tax liability for tax years 1979 and 1980. *See Memo in Supp. of Sec. Mot. For Sum J.* ¶ 4 at 2. In January 1988, Edelman filed with the United States Tax Court, in docket no. 887–88, a petition to have redetermined his federal income tax liability for tax year 1981. *See id.* ¶ 5 at 2.

On February 8, 1989, Edelman was indicted on multiple counts of federal income tax fraud and of conspiracy to defraud the United States. *See Memo in Supp. of Sec. Mot. For Sum J.* ¶ 6 at 3. Edelman was convicted of the charges, sentenced to serve five years in prison and fined $450,000. *See id.* ¶ 7–8 at 3. He appealed and his conviction was affirmed. *See id.* ¶ 9 at 3.

Beginning in 1993, the Government performed multiple assessments against Edelman for tax years 1979, 1980, 1981, 1982, 1983, 1984, 1985, 1987, 1992, 1993, 1994, 1995, 1996, 1997, 1998 and 2003. *See First Am. Compl.,* at 2–5. On January 11, 1993, the IRS filed motions to compel production of documents in these cases. *See Edelman v. Commissioner,* 103 T.C. 705, 707 (1994). On January 19, 1993, Edelman filed motions to dismiss, or in the alternative, to enforce a settlement agreement with the IRS. *See id.* at 706. Hearings were held on June 10, 1993 in New York City and on November 15, 16 and 17, 1993 in Washington, D.C. *Id.* On July 28, 1993, Edelman began serving a five year sentence at the Federal Correctional Institute in Florence, Colorado. *See id.* at 706; *see Memo in Supp. of Sec. Mot. For Sum J.* ¶ 10 at 4.[1] On September 13, 1993, in response to a Notice of Deficiency pertaining to tax years 1982, 1983, 1984, 1985, 1986

---

1. Although in his deposition, Edelman admitted that he was incarcerated in the Federal Correctional Institution in Florence, Colorado, in his responses to the Requests to Admissions, Edelman denied that he was ever incarcerated at the Federal Correctional Institution in Florence, Colorado. *See* Requests for Admission 17 and 18, Doc. 53–5 at 6.

and 1987, Edelman filed a petition with the United States Tax Court in docket no. 19630–93 for a redetermination of the taxes for those years. *See Memo in Supp. of Sec. Mot. For Sum J.* ¶ 11 at 4. On or about September 25, 1993, Edelman escaped from the correctional facility and fled the United States. *Edelman v. Commissioner*, 103 T.C. at 706; *Id.* 12–13 at 4. On April 7, 1994, the Commissioner filed motions to dismiss based on Edelman being a fugitive from justice. *Edelman v. Commissioner*, 103 T.C. at 706; *Memo in Supp. of Sec. Mot. For Sum J.* ¶ 14 at 4. On May 16, 1994, Edelman responded with memoranda of law in opposition to the Commissioner's motion. The Commissioner replied to the response.

On December 5, 1994, based upon the fugitive dismissal rule, the United States Tax Court denied Edelman's motion to dismiss or, in the alternative, to enforce settlement and set forth Edelman's tax deficiencies for years 1979 through 1981. *See Memo in Supp. of Sec. Mot. For Sum J.* ¶ 14 at 4; *see also, Edelman v. Commissioner*, 103 T.C. at 705. The court gave Edelman thirty days after the opinion has been served to file a motion to vacate. Edelman did not motion to vacate that decision.

On December 6, 1994, the United States Tax Court entered an Order and Order of Dismissal and Decision in docket no. 8253–87 denying Edelman's motion to dismiss or in the alternative to enforce settlement, granting the Commissioner's motion to dismiss for fugitive status, and deciding Edelman's taxes and additions to tax due for 1979 and 1980. *See Memo in Supp. of Sec. Mot. For Sum J.* ¶ 15 at 5; Doc. 53–8. On that same date, the United States Tax Court entered an Order and Order of Dismissal and Decision in docket no. 887–88 denying Edelman's motion to dismiss, or in the alternative, to enforce settlement, granting the Government's motion to dis-

miss for fugitive status deciding the amount of deficiency in income tax and addition to tax due by Edelman for tax year 1981. *See Memo in Supp. of Sec. Mot. For Sum J.* ¶ 16 at 5; Doc. 53–10 at 1.

On May 3, 1995, the United States Tax Court entered an Order and Order of Dismissal and Decision in docket no. 19630–93 setting forth Edelman's income tax deficiencies as well as statutory additions owed by him for tax years 1982, 1983, 1984, 1986 and 1987. *See Memo in Supp. of Sec. Mot. For Sum J.* ¶ 17 at 5 and 6;; Doc. 53–7 at 1–2. On May 8, 1995, the United States Tax Court entered an Order and Order of Dismissal and Decision in docket no. 7337–93 granting the Government's motion to dismiss for fugitive status and deciding two additions to tax due from Edelman and his wife Barbara Edelman for tax year 1985. *See Memo in Supp. of Sec. Mot. For Sum J.* ¶ 18 at 6; Doc. 53–12.

Edelman did not return to the United States until November 1995. *See Memo in Supp. of Sec. Mot. For Sum J.* ¶ 13 at 4.

On January 29, 1998, Edelman filed returns for tax years 1992, 1993, 1994 and 1995. *Resp. to Sec. Mot. to Dismiss* at 2. Based on those returns, the IRS assessed taxes against Edelman for tax years 1992, 1993 and 1994 on March 16, 1998 and tax year 1995 on March 2, 1998. *Id.*

The Government filed its original complaint in this matter, pertaining to tax years 1979 through 1985 and 1987 on December 13, 2006. *Compl.* On April 16, 2007, the Government filed its First Amended Complaint, adding to its claim tax years 1992 through 1998 and 2003. *First Am. Compl.* Edelman, appearing pro se, filed an Answer and an Amended Answer on May 13, 2007. The Government has since withdrawn its claim for all of tax year 1983 and for tax year 1985 assessed

before November 22, 1993. *See Reply to Resp to Sec Mot for Sum J.* ¶ 7 at 4.

Edelman previously filed a motion to dismiss and the Government previously filed a motion for summary judgment. The court denied both motions: Edelman's motion to dismiss as not well taken and the Government's motion for summary judgment as premature.

On February 2, 2009, Edelman filed his Opposed Second Motion to Dismiss, arguing that this action should be dismissed because the statute of limitations for collection has lapsed. Edelman also contends that this case "is not an attempt to collect, and is not an attempt to enforce a lien." *Sec Mot to Dismiss* at 2. On February 10, 2009, the Government filed its Response of United States to Opposed Second Motion to Dismiss stating that Defendant's motion is meritless and the statute of limitations had not expired at the time of the filing. The Government asserts that its action is an attempt to collect and enforce a lien. *Resp to Sec Mot to Dismiss* at 3. Edelman's Reply to Opposed Second Motion to Dismiss filed February 24, 2009 reiterated his previously made arguments.

On April 15, 2009, the Government filed its Opposed Second Motion of United States for Summary Judgment and supporting memorandum. The Government asserts that there is no genuine issue of material fact: Edelman's taxes remain unpaid and the Government filed its action prior to the expiration of the applicable statute of limitations.

Edelman filed Defendant's Opposed Motion to Enlarge Time to Respond to Plaintiff's Motion for Summary Judgment on April 27, 2009. On April 29, 2009, the Government filed its Response of United States to Opposed Motion to Enlarge Time to Respond to Plaintiff's Motion for Summary Judgment and stated that, after reading Edelman's Motion, it no longer

opposed it. On May 7, 2009, Defendant filed his reply.

Edelman filed his Response to Second Motion for Summary Judgment on May 18, 2009 asserting that he is not indebted to the United States, disputing the correctness of the assessment as determined by the Tax Court, and contending that the statute of limitations has expired. On June 3, 2009, the Government filed its Reply to Response to Second Motion for Summary Judgment.

On June 5, 2009, Edelman filed an Opposed Motion to Extend Time to File a Document requesting an extension of time to file a certified copy of a January 6, 1993 Internal Revenue Service (IRS) Memo. The Government responded on July 4, 2009 contending that Edelman has not shown how this document proves the taxes are arbitrary and capricious and that Edelman has not disclosed all documents in discovery. The Court, on June 8, 2009, granted the Motion for a period of thirty days. On July 14, 2009, Edelman filed an Addendum and attached a certified copy of the memo.

### Legal Standards

### I. Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th cir.2008).

## II. Motion for Summary Judgment

Rule 56(a) of the Federal Rules of Civil Procedure permits a party seeking to recover on a claim to move for summary judgment. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Jones v. Kodak Medical Assistance Plan*, 169 F.3d 1287, 1290 (10th Cir.1999) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Under Rule 56(c), "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson*, at 247–48, 106 S.Ct. 2505. Rather, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248, 106 S.Ct. 2505.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Shapolia v. Los Alamos Nat'l Lab.*, 992 F.2d 1033, 1036 (10th Cir.1993) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Hicks v. City of Watonga*, 942 F.2d 737, 743 (10th Cir.1991)). After the moving party meets its burden, the nonmoving party must show that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l Inc. v. First Affiliated Secs., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990) (citations omitted). Rather than "merely show there is some metaphysical doubt as to the material facts," the nonmoving party is required to "go beyond the pleadings and, by affidavits or depositions, answers to interrogatories, and admissions on file,

designate specific facts showing there is a genuine issue for trial." *Kaus v. Standard Ins. Co.*, 985 F.Supp. 1277, 1281 (D.Kan. 1997), *aff'd*, 162 F.3d 1173 (10th Cir.1998). There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *See Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. Upon a motion for summary judgment, "a court must view the facts in the light most favorable to the nonmovant and allow the nonmovant the benefit of all reasonable inferences to be drawn from the evidence." *Kaus*, 985 F.Supp. at 1281.

## III. Collection of Assessments

26 U.S.C. § 7403 allows the bringing of a civil action to collect and enforce taxes. Specifically, § 7403 states:

(a) Filing.—In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability.…

26 U.S.C. § 6502, which sets forth the statutory time limits for collection after assessments, states in relevant part:

(a) Length of period.—Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—

(1) within 10 years after the assessment of the tax, or

(2) . . . .

If a timely proceeding in court for the collection of a tax is commenced, the period during which such tax may be collected by levy shall be extended and shall not expire until the liability for the tax (or a judgment against the taxpayer arising from such liability) is satisfied or becomes unenforceable.

. . . .

26 U.S.C. § 6502

■ Reworded, "the limitation provisions of section 6502(a) are satisfied if the government institutes, within [the statutory period] after the assessment of the tax, a suit for an in personam judgment against the taxpayer." *Moyer v. Mathas,* 458 F.2d 431, 434 (5th Cir.1972) (citing *Hector v. United States,* 255 F.2d 84 (5th Cir.1958)). A suit against a taxpayer to reduce assessments of federal income tax to judgment is a "proceeding in court" for the purposes of 26 U.S.C. § 6502(a). *Id.*

With regard to the collection of taxes, a taxpayer has some rights. A taxpayer is entitled to receive notice of the taxes due. With regard to notice and demand for tax, 26 U.S.C. § 6303 states:

(a) General rule.—Where it is not otherwise provided by this title, the Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. . . .

2. Specifically, § 6501 states:
 (a) General rule.—Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) ... For the purposes of this chapter, the term "return" means the return required to be filed by the taxpayer. . . .
 . . .
 (c) Exceptions.—

Pursuant to 26 U.S.C. § 6321, a lien will be imposed upon the taxpayer for failure to pay the tax.

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321

26 U.S.C. § 6322 continues:

Unless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time.

With few exceptions, an assessment of taxes must be made within three years from the date the taxpayer files his return. 26 U.S.C. § 6501.[2] The "assessment" of the taxes starts the running of the ten-year period within which government can commence efforts to collect assessed tax. *Remington v. United States,* 210 F.3d 281, 284 (5th Cir.2000).

■ Interest on taxes is to "be assessed, collected and paid in the same

(1) False returns.—In the case of a false or fraudulent return with the intent to evade tax, the tax may be assessed, or a proceeding in court for collection of such tax may be begun without assessment, at any time. (2) Willful attempt to evade tax.—In case of a willful attempt in any manner to defeat or evade tax imposed by this title (other than tax imposed by a subtitle A or B), the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment at any time.

manner as taxes." 26 U.S.C. § 6601(e)(1). An assessment is essentially a bookkeeping notation and is made "by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary." *See United States v. Toyota of Visalia*, 772 F.Supp. 481, 488 (E.D.Ca.1991); 26 U.S.C. § 6203. The IRS is not required to make a separate assessment of interest on an assessed tax liability in order to collect that interest. *Id.*

■ "For purposes of granting summary judgment, a Certificate of Assessment and Payments is sufficient evidence that an assessment was made in the manner prescribed by § 6203 and Treas. Reg. 301.6203–1." *Long v. United States*, 972 F.2d 1174, 1181 (10th Cir.1993) (citing *James v. United States*, 970 F.2d 750, 755 (10th Cir.1992); *Hughes v. United States*, 953 F.2d 531, 539–40 (9th Cir.1992)).

## IV. Tolling of the Statute of Limitations on Collections

Certain actions and activities can toll or suspend the running of this statute of limitations. If the taxpayer requests a collection due process (CDP) hearing, because of a deficiency, then the statute of limitations is tolled from the date of receipt of the taxpayer's request for a CDP hearing until the decision with regard to the assessment is made. 26 U.S.C. § 6503(a)[3].

The statute of limitations is also tolled when the taxpayer leaves the United States for more than a six month period. Particularly,

[t]he running of the period of limitations on collection after assessment prescribed in section 6502 shall be suspended for the period during which the taxpayer is outside the United States if such period of absence is for a continuous period of at least 6 months. If the preceding sentence applies and at the time of the taxpayer's return to the United States the period of limitations on collection after assessment prescribed in section 6502 would expire before the expiration of 6 months from the date of his return, such period shall not expire before the expiration of such 6 months.

26 U.S.C. § 6503(c).

## V. Computation of Taxes

■ The IRS's power to compute taxable income of a taxpayer is broad. *See Petzoldt v. Commissioner*, 92 T.C. 661, 687–89 (1989).

Generally, such computation is made using the taxpayer's regularly employed method of accounting. [§ ]446(a). If the taxpayer's method of accounting does not clearly reflect income, then the method used shall be the method, which, in the Commissioner's opinion, clearly reflects income. [§ ]446(b); *see Palmer v. United States*, [116 F.3d 1309 (9th Cir.1997)]. [The Commissioner] is afforded great latitude in determining a

---

3. 26 U.S.C. § 6503. Suspension of running of period of limitation
 (a) Issuance of statutory notice of deficiency.—
 (1) General rule.—The running of the period of limitations provided in section 6501 or 6502 (or section 6229, but only with respect to a deficiency described in paragraph (2)(A) or (3) of section 6230(a)) on the making of assessments or the collection by levy or a proceeding in court, in respect of any deficiency as defined in section 6211

(relating to income, estate, gift and certain excise taxes), shall (after the mailing of a notice under section 6212(a)) be suspended for the period during which the Secretary is prohibited from making the assessment or from collecting by levy or a proceeding in court (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Tax Court, until the decision of the Tax Court becomes final), and for 60 days thereafter.

taxpayer's liability and is entitled to use any reasonable method to reconstruct a taxpayer's income, especially where a petitioner refuses to cooperate in ascertaining [his] income. *Petzoldt v. Commissioner* [, 92 T.C. 661, 687 (1989);] *Giddio v. Commissioner,* 54 T.C. 1530, 1533 (1970).

*Taylor v. Commissioner of Internal Revenue,* T.C. Memo 2006–67 *6 (2006). The Commissioner's determination of a taxpayer's tax liability is presume correct, and the taxpayer bears the burden of proving the determination improper. *See Welch v. Helvering,* 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212 (1933); 26 U.S.C. § 6020(b).

## VI. The Right to be Heard for Deficiencies

The procedures by which the IRS may adjust or correct the tax liability reported by a taxpayer are set forth at 26 U.S.C. §§ 6212 and 6213: § 6212(a) authorizes the IRS to mail a taxpayer a notice of deficiency; § 6213(a) provides that "no assessment of a deficiency ... and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer...." After a notice of deficiency has been mailed, the IRS must refrain from further action for ninety days during which time the taxpayer is authorized to file a petition for a redetermination. 26 U.S.C. § 6213(a). Deficiency is defined as "the excess of the tax (income, estate, gift, or excise tax as the case may be) over the sum of the amount shown as such tax by the taxpayer upon his return and the amounts previously assessed (or collected without assessment) as a deficiency." 26 C.F.R. § 301.6211–1(a). *See also,* 26 U.S.C.A. § 6211.

The Internal Revenue Service Restructuring and Reform Act of 1998 sets forth the requirements for levy of property and rights of any person who is liable a tax and who neglects or refuses to pay the tax. *See* 26 U.S.C. § 6331. The Act provides:

(a) ...—If any person liable to pay any tax neglects or refuses to do so within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax ... by levy upon all property and rights to property ... belonging to such person or on which there is a lien provided in this chapter for the payment of such tax. Levy may be made upon the accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia....

26 U.S.C. § 6331.

Before proceeding with the levy, however, the IRS must provide the taxpayer notice of the right to a hearing on the matter. 26 U.S.C. § 6331. The taxpayer has a right to request a CDP hearing with the IRS Office of Appeals. 26 U.S.C. § 6330(a)(3)(B).

## VII. The Fugitive Rule and Dismissal on the Merits

■ The Court can dismiss a case based upon a party being a fugitive from justice. The "fugitive dismissal rule" .... "disentitles" a defendant who has escaped incarceration and is a fugitive from justice to call upon the resources of the court for a determination of his claims. *See Edelman,* 103 T.C. at 707 (citing *Molinaro v. New Jersey,* 396 U.S. 365, 366, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970)). One of the purposes of this rule is to discourage escape. *See id.* A fugitive must voluntarily return to the jurisdiction in order to obtain redress from the court. *See id.* at 708.

Tax Court Rule 123 governs default and dismissal. The rule states:

(a) Default. If any party has failed to plead or otherwise proceed as provided

by these Rules or as required by the Court, then such party may be held in default by the Court either on motion of another party or on the initiative of the Court. Thereafter, the Court may enter a decision against the defaulting party, upon such terms and conditions as the Court may deem proper, or may impose such sanctions (see, e.g., Rule 104) as the Court may deem appropriate. The Court may, in its discretion, conduct hearings to ascertain whether a default has been committed, to determine the decision to be entered or the sanctions to be imposed, or to ascertain the truth of any matter.

(b) Dismissal. For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which such party has the burden of proof, and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule.

(c) Setting Aside Default or Dismissal. For reasons deemed sufficient by the Court and upon motion expeditiously made, the Court may set aside a default or dismissal or the decision rendered thereon.

(d) Effect of Decision on Default or Dismissal. A decision rendered upon a default or in consequence of a dismissal, other than a dismissal for lack of jurisdiction, *shall operate as an adjudication on the merits* (emphasis added).

■ Dismissal pursuant to Rule 123(b) operates as an adjudication on the merits. *See* I.R.C. § 7459(d); *Smith v. Commis-*

*sioner,* 926 F.2d 1470, 1476 (6th Cir.1991). And, "[d]ismissal pursuant to Rule 123(b) results in a decision that the deficiency is the amount determined by the Commissioner." *Coninck v. Commissioner,* 100 T.C. 495, 498 (1993).

### Discussion

The motion to dismiss and the motion for summary judgment generally revolve around the same issues: whether the statute of limitations lapsed before the complaint was filed and whether the calculations are correct and due. Edelman adds the argument that the cause of action "is not an attempt to collect by levy or by a proceeding in court;" however, it has long been held otherwise. *See Moyer v. Mathas,* 458 F.2d at 434.[4]

■ In making his argument that the statute of limitations expired prior to the Government filing its complaint or amended complaint, Edelman challenges the Government's calculation of the expiration of the statute of limitations on the collection of his taxes. While there is a ten year limit for collecting, the time is tolled during certain periods and as a result of certain events, such as collection due process hearings and the taxpayer being out of the country for more than six months. Edelman requested several CDP hearings. And, in September 1993, Edelman fled the United States and remained outside the country until November 1995, more than 25 months, far in excess of the six month requirement. The ten year statute of limitations for collection of the tax assessments was suspended both during the time that the CDP disputes were pending and while Edelman was outside of the United

---

4. Edelman's argument here is similar to the one he made in his first motion to dismiss. In ruling on the motion, the Honorable Leroy Hansen, Senior District Judge, U.S. District Court, District of New Mexico, held that the Government's claims are authorized by 26 U.S.C. §§ 7402 and 7403.

States. *See* I.R.C. §§ 6330(e)(1) and 6503(c).

Edelman claims different reasons why he requests the CDP hearings (*See* Doc. 57 at 11). His reasons are not relevant to our analysis. The fact is that he made the requests.

Many of Edelman's dates pertaining to the statute of limitations match the Government's dates. The differences are that Edelman does not recognize any tolling for CDP hearings for tax years 1979, 1980, 1981, 1982 or 1987. Also, his start dates for the tolling pertaining to tax years 1984 and 1985 do not correspond with the Government's.

On December 6, 1994, the Tax Court issued its decision with regard to the assessments for tax years 1979, 1980 and 1981, and in May 1995, the assessments for 1982, 1983, 1984, 1985, 1986 and 1987.[5] Edelman never appealed the Tax Court's decisions.

On June 25, 2004, Edelman requested a CDP hearing for years 1979, 1980, 1981, 1982, 1987, 1992, 1993, and 1994. *See* Doc. 11–4. The IRS received the request on July 6, 2004. Edelman argues that he only challenged the April 21, 2003 assessment for tax year 1979 and, therefore, the tolling only applied to that assessment. *Reply to Resp. To Sec Mot to Dismiss* at 11.[6] His request for a hearing indicates otherwise; it is upon that document that the court relies. The fact that when the hearing occurred Edelman only contested the 1979 assessment made on April 21, 2003 does not change the fact that he requested a hearing for other years also. It is upon receipt of the request that tolling begins. The IRS only knows at that time the tax year upon which claims are being made, not all of the substance to be discussed by the taxpayer at the hearing. The IRS Appeals office made its determination and Edelman appealed it. On July 20, 2005, the Tax Court granted the IRS's motion for continuance of trial and motion for remand and remanded the matter to the IRS Appeals office. On November 7, 2005, the Tax Court sustained the IRS Appeals office's October 14, 2004 Notice of Determination. The statute of limitations was tolled for tax years 1979, 1980, 1981, 1982, 1987, 1992, 1993 and 1994 during that time.

On September 10, 2004, Edelman requested a hearing for tax years 1984, 1995, 1996, 1997 and 1998. The delivery receipt shows a confirmation of delivery date to the IRS of September 20, 2004. Edelman states that he did not request a hearing for 1995, 1996, 1997 or 1998, but, his request shows otherwise. *See* Doc. 11–9. The Notice of Determination pertaining to this request was dated February 24, 2006. The determination was not appealed.

■ Edelman argues that he talked with Dave Mazoral, acting manager of the Santa Fe office of the IRS who stated that the IRS did not have record of receiving his CDP hearing request. Edelman provided to the court no statement from Mr. Mazoral but instead provided his own recollection of the phone conversation. This recollection is hearsay offered for the truth of the matter and will not be considered in making this determination. Similarly, Edelman states that he spoke with Mr. Breitberg in the New York office of the IRS who told him that the tolling would

---

5. The Court's analysis will not include the assessments for all of year 1983 and for the year 1985 which were assessed before November 22, 1993 and for which the Government admits the statute of limitations has expired.

6. Despite this argument, Edelman's date calculations do not reflect any tolling for tax year 1979.

not begin earlier than August 25, 2005. Even if Mr. Breitberg was in a position to determine when tolling began, the recollection is hearsay and will not be considered in making this determination.

Edelman indicated that as a result of the conversation with Mazoral, on July 19, 2005, he resubmitted the CDP request and only after he resent the request did the IRS respond. There is a question as to when the tolling of this request for the CDP hearing should be calculated. For Edelman's earlier requests, he received a hearing and Notice of Determination in less than a year. In this instance, it was after the date that he resent the information, almost a year after his first submission, that the IRS responded to his request. The parties agree that the tolling terminated on March 26, 2006, however, a factual dispute remains regarding when the tolling in response to this request began and whether the statute of limitations had already run on tax years 1984 at the time the complaint and amended complaint was filed. It is unnecessary to consider CDP hearing tolling issues for tax year 1995 because taxes for that year were not assessed until 1998. For tax years, 1995, 1996, 1997 and 1998, even without considering tolling, the statute of limitations had not run at the time the complaint and amended complaint was filed.

By request dated January 28, 2005, Edelman requested a Collection Due Process hearing for tax years 1985 and 2003. *See* Doc. 11 –11. The delivery receipt shows a confirmation of delivery date to the IRS of February 1, 2005. Edelman asserts that this request was also not responded to by the IRS until resent with the request for a CDP hearing for 1984 and that the tolling date should commence on August 25, 2005. Although the parties

agree that the tolling terminated on March 26, 2006, there remains a factual dispute regarding from when the tolling period for tax year 1985 should be calculated. As to tax year 2003, there is no dispute; the ten year statute of limitations has obviously not passed because ten years has not passed since the tax year.

For tax years 1992, 1993, 1994 and 1995, for which Edelman did not request a CDP, the assessments occurred on March 2, 1998. Accordingly the statute of limitations expired March 2, 2008. This cause of action was filed months prior to the expiration of the ten year collection period for these tax years, notwithstanding any tolling periods.[7]

Edelman contends that the Government is trying to extend the statute of limitations and that pursuant to 26 U.S.C. § 6502, the statute of limitations cannot be extended. Edelman relies on the amended § 6502 which prohibits the IRS from seeking an extension of the statute of limitations by agreement. This provision is inapplicable to this matter as the Government is not seeking an agreement from Edelman to extend the statute of limitations but is bringing an action within the provided statute of limitations. Edelman tries to parallel an agreement to extend the statute of limitations with the filing of an action within the statute of limitations but which action continues past the expiration of the statute of limitations. Edelman fails to recognize the whole meaning of a statute of limitations; a statute of limitations sets forth the period of time during which rights can be enforced by legal action. *See Merriam–Webster Online,* *http://www.merriam-webster.com/* *dictionary.* Edelman relies on the case of *Hector v. United States,* 255 F.2d 84 (5th

---

7. Edelman contends that for some tax years he did not receive a notice of deficiency. When a taxpayer files a return and the IRS accepts the return without determining a deficiency, no notice of deficiency is required to be sent.

Cir.1958) in making his argument. Unfortunately, *Hector* does not support Edelman's contention. It is true that *Hector* includes an issue similar to one that Edelman raises in this matter: "can the United States of America several weeks prior the expiration of the ... Statute of Limitations ... file a suit against a taxpayer ... not for the purpose of attempting to collect the assessment but purely for the purpose of obtaining a judgment against him in the Federal Courts, which judgment after rendition will ... be good for ... additional ... years after the entry of judgment...." 255 F.2d at 85. But, the court in *Hector* did not invalidate the filed suit. Instead, the court found that, by its wording, the statute allows the commencement of the suit for that purpose provided the suit begins within the statute of limitations period. *See id.* at 86. Section 6502 specifically authorizes the filing of claims to extend the time for collection.

Edelman asserts that the cause of action does not suspend the statute of limitations for collection pursuant to section 6503 because the "IRS is not prohibited from making an assessment or from collecting by levy or proceeding in court pending the instant case." *Reply to Resp to Sec Mot to Dismiss* at 1–2. The Government's cause of action is a proceeding in court; Edelman's argument is meritless.

 Edelman contends that there is no law for reducing non-assessments to judgment. There is no requirement that interest on taxes be assessed before it can be collected. This argument is also meritless.

 Edelman argues that the assessments are based "upon a pattern of arbitrary and erroneous means of calculating the underlying assessments." Edelman states the January 6, 1993 memo he filed

on July 14, 2009 proves that the taxes are grossly overstated. *Resp to Sec Mot for Sum J.* ¶ 19 at 4. Where a taxpayer does not cooperate with the IRS, the IRS is entitled to calculate the taxes. The IRS calculations are presumed to be correct. Edelman has provided no valid contention of how the IRS calculations are erroneous. Edelman points to a memorandum from the IRS that discusses taxes pertaining to the Arbitrage Management Group but does not mesh the memo with the issues in this instance. The memo was an opinion of a particular IRS official, but not a decision by the IRS or a court as to Edelman. Further, while Edelman points to this memo as "new evidence," it cannot be considered so. Edelman has known about this "new evidence" for over ten years and has failed to act during that time. Now, he is not raising the evidence in his own cause of action, but as a defense to the Government's cause of action. Edelman's argument fails.[8]

As part of his argument, Edelman's alleges that the amount of the indebtedness has changed, *Reply to Resp. to Sec Mot to Dismiss* at 8; he has not, however, acknowledged that the number of years for which the Government is seeking payment has increased, that interest continues to accrue on these amounts and that there have been reductions to the amount. The assessments for tax year 1983 have been withdrawn and the assessments made before November 22, 1993 for tax year 1985 have also been withdrawn. Edelman states that the Government did not recognize payments that he has made towards his tax liabilities for tax years 1979, 1985 and 1987 but fails to provide any support for this contention. The Certificates for

---

8. Edelman attached the first few pages of an unsigned copy of a 1040X form for 1982 in support of his argument that he had filed amended returns in furtherance of the settle-ment. He stated he had copies of other years returns. These pages do not bolster his argument.

Assessments and Payments show a credit of those payments.

Additionally, Edelman argues against several of the calculations determined by the IRS Appeals Office and the Tax Court. Edelman was provided, at the time of those decisions, a right to appeal the decisions and he failed to do so. He cannot now revisit them.

 Even though after the 1994 and 1995 determinations were made it was determined that the settlement would apply to Edelman [9], Edelman is not entitled to the benefits of the settlement for two reasons.[10]

First, in September, 1993, Edelman filed with the Tax Court a motion to dismiss, or in the alternative, to enforce the settlement. On or about September 25, 1993, Edelman escaped from prison and left the country. In December 1994, the Tax Court entered an opinion granting the Commission's motions to dismiss Edelman's cases based on his status as a fugitive and delaying Edelman's motions to dismiss or, in the alternative, to enforce settlement. *See Edelman v. Commissioner*, 103 T.C. 705, 710–711 (1994). The Tax Court entered an Order and Order of Dismissal and Decision determining deficiencies in income and statutory additions due from Edelman for tax years 1979 through 1981 and denied Edelman's motion to dismiss or, in the alternative, to enforce the settlement. In May 1995, the Tax Court also entered an Order and Order of Dismissal and Decision determining deficiencies from Edelman for years 1982, 1984, 1985 and 1987.

Pursuant to Tax Rule 123(d), the Tax Court's decision dismissing Edelman's motion and determining the deficiencies was on the merits. Being a fugitive from justice can fairly be interpreted as a failure to proceed. In its order, the court held that within 30 days of the order being served upon him Edelman could motion to vacate the decision in which event the court would consider the merits. Edelman did not expeditiously make motion to set aside the dismissal or provide the Court with sufficient reasons to set aside the dismissal pursuant to Tax Rule 123(c). The Tax Court's dismissal stands.

Second, the decisions regarding the applicability of the settlement to him occurred many years prior to this cause of action and Edelman did not then pursue an enforcement of the terms. He now raises the settlement not as a cause of action to enforce the settlement similar to his claim in 1994, but as a defense to the claim by the Government. Edelman's opportunity to seek to enforce the settlement has passed.

After reviewing the factual allegations in the complaint, the Court finds there is sufficient factual matter to state a claim for relief that is plausible on its face. Accordingly, Edelman's Motion to Dismiss will be denied.

Viewing the facts in the light most favorable to Edelman, the Government has shown that the statute of limitations had not lapsed prior to December 13, 2006, the date of the filing of the complaint, for tax years 1979, 1980, 1981, 1982 and 1987, or prior to April 16, 2007, the date of the filing of the amended complaint, for 1992 through 1998 and 2003. Edelman has not met his burden of demonstrating that the calculations made by the Government were erroneous. The motion for summary

---

**9.** *See Manko v. Commissioner,* T.C. Memo 1997–510 *10; *Manko II,* T.C. Memo 1997–10, 1997 WL 701355 at 10–12; *Manko v. United States,* 1998 U.S. Dist. LEXIS 10521 *6 (S.D.N.Y.1996)

**10.** This court will not delve into whether Edelman's inclusion in the settlement was inadvertent as other courts have discussed.

judgement will be granted both with regard to the statute of limitations for tax years 1979, 1980, 1981, 1982, 1987, 1992 through 1998 and 2003 and as to the calculation of the amounts owed for those years.

 The Government has not shown, however, that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law with regard to the statute of limitations for tax years 1984 and 1985. The facts are not all as clear as the Government implies. There is a confirmation of delivery receipt dated September 10, 2004 for Edelman's CDP hearing request pertaining to 1984 and a confirmation of delivery receipt dated February 1, 2005 for Edelman's CDP hearing request applicable to 1985. It is possible that these requests were not responded to and it was only after Edelman resent the request that the IRS recognized them. The Government's documents, too, indicate that there may be some confusion as to when the tolling on these years began. The tolling dates for these years as it affects the statute of limitations remains an issue in this matter. The statute of limitations is then the only issue outstanding because Edelman has also not successfully shown that the calculations of amounts owed for tax years 1984 and 1985 as set forth by the Government are in error. The motion for summary judgment will be granted with regard to its calculations of the amounts owed by Edelman for those years. The Government's motion for summary judgment will be denied as it pertains to the statute of limitations for tax years 1984 and 1985.

Lastly, Edelman requested an extension of the time to respond to the Government's Opposed Second Motion for Summary Judgment; Edelman has since filed his response. The Government ultimately did not oppose Edelman's motion to enlarge time to respond. Accordingly, the motion to enlarge time will be granted.

**Conclusion**

IT IS THEREFORE ORDERED that Defendant's Opposed Second Motion to Dismiss, filed February 2, 2009 (**Doc. 46**), is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Opposed Second Motion of United States for Summary Judgment, filed April 15, 2009 (**Doc. 53**), is GRANTED in part and DENIED in part. It is denied only as to whether the statute of limitations had passed at the time of the filing of the complaint for tax years 1984 and 1985.

IT IS FURTHER ORDERED that Defendant's Opposed Motion to Enlarge Time to Respond to Plaintiff's Motion for Summary Judgment, filed April 27, 2009 (**Doc. 54**), is GRANTED.